# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**CASE NAME:** Albert Sedges, Plaintiff **V.** The Honorable Judge Barbato (in his individual capacity), Defendant

**CIVIL ACTION NO.:** [To be assigned by the Clerk]

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## I. INTRODUCTION

1. This is an action brought under 42 U.S.C. § 1983 for the deprivation of the Plaintiff's constitutional rights, specifically the right to **Due Process of Law** guaranteed by the Fourteenth Amendment to the United States Constitution.

2. The Defendant, acting under color of state law as a sitting judge of the New Jersey state court system, committed deliberate acts of procedural misconduct, judicial bias, and abuse of discretion that resulted in an arbitrary, capricious, and unequal division of marital assets.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (Civil Rights).

4. The matter in controversy arises under the Constitution and laws of the United States, specifically the Fourteenth Amendment and 42 U.S.C. § 1983.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred within this judicial district.

## III. PARTIES

6. **Plaintiff:** Albert Sedges, an adult individual residing at 201 South Rogers Road, Hot Springs, Arkansas 71960 Building I apartment 130.

7. **Defendant:** The Honorable Judge Barbato, sued in his **individual capacity**. At all times relevant to this Complaint, the Defendant was acting under color of the laws of the State of New Jersey.

## IV. STATEMENT OF FACTS

8. The underlying action was a dissolution of marriage, Case No. [Insert State Case Number Here], presided over by the Defendant.

9. Throughout the proceedings, the Defendant repeatedly demonstrated a prejudicial bias in favor of the adverse party and her counsel, as detailed in the attached **Exhibit A** (Summary of Procedural Misconduct).

10. The specific acts of misconduct and due process violations include:

- **Public Declaration of Trust:** On October 8th, the Defendant publicly declared a preferential trust in adverse counsel over the evidence and representations of the Plaintiff.

- **Ex Parte Communication:** Immediately following this declaration, the Defendant engaged in a private, unrecorded sidebar conference with adverse counsel, excluding the Plaintiff.

- **Improper Delegation of Judicial Duty:** The Defendant verbally ordered adverse counsel to conduct the valuation of a key marital asset (a vehicle), without a written or recorded order and without giving the Plaintiff an opportunity to respond with his own neutral valuation.

- **Ratification of Corrupted Evidence:** The Defendant accepted the fraudulent $6,000 brake estimate provided by adverse counsel pursuant to this improper delegation.

- **Arbitrary and Capricious Final Order:** The Final Judgment (Order dated October 24, 2025) was issued without the requisite Findings of Fact to justify the rejection of Plaintiff's evidence and the major, unexplained reversal of prior temporary asset awards.

11. **Contradictory and Unenforceable Order:** The Final Judgment contains a handwritten instruction by the Defendant that directly contradicts the formal asset division, demonstrating a lack of deliberation and an arbitrary exercise of judicial power.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)

12. The Plaintiff incorporates paragraphs 1 through 11 as if fully set forth herein.

13. The Defendant's actions, including the delegation of judicial authority to the adverse party, the reliance on unverified and corrupted evidence, and the issuance of a final order lacking essential findings and containing material contradictions, deprived the Plaintiff of his substantive and procedural **Due Process rights** under the Fourteenth Amendment.

14. The judicial process was rendered fundamentally unfair and arbitrary by the Defendant's demonstrated bias and procedural irregularities, resulting in a deprivation of the Plaintiff's property interest in the marital estate.

### SECOND CAUSE OF ACTION: JUDICIAL MISCONDUCT AND ABUSE OF DISCRETION

15. The Plaintiff incorporates paragraphs 1 through 14 as if fully set forth herein.

16. The Defendant's conduct, including the public declaration of trust in adverse counsel, the *ex parte* communication, and the capricious reversals of asset distribution, constitute a pattern of judicial misconduct and a clear **abuse of judicial discretion** that amounts to a constitutional violation.

17. The Defendant acted knowingly and in reckless disregard of the Plaintiff's constitutional rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Albert Sedges, respectfully prays for judgment against the Defendant, the Honorable Judge Barbato, as follows:

1. For an Order declaring that the Defendant violated the Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

2. For Compensatory Damages in an amount to be determined at trial, but in excess of the jurisdictional minimum, for the financial loss and emotional distress caused by the Defendant's unconstitutional actions.

3. For Punitive Damages against the Defendant in his individual capacity.

4. For costs and reasonable attorneys' fees (if applicable) associated with this action.

5. For such other and further relief as the Court deems just and proper.

**DATE:** November 3, 2025

**Respectfully Submitted,**

Albert Sedges 201 South Rogers Road, Hot Springs, Arkansas 71960 Building I apartment 130
Phone: 862-683-6327 Email: sedgesone@yahoo.com

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

**Case Name:** Albert Sedges, Pro Se Plaintiff **Case No.:** (To be assigned by the Clerk of the Court)

**ALBERT SEDGES** Pro Se Plaintiff 201 South Rogers Road Hot Springs, Arkansas 71960 Phone: 862-683-6327 Email: sedges1@yahoo.com

v.

**THE HONORABLE JUDGE BARBATO**, In His Individual Capacity Defendant

# FEDERAL CIVIL RIGHTS COMPLAINT

**(42 U.S.C. § 1983)**

**JURY DEMAND:** Plaintiff hereby demands a trial by jury on all issues so triable.

## I. JURISDICTION

1. This action arises under the Constitution and laws of the United States and is brought pursuant to **42 U.S.C. § 1983**, which provides a cause of action for the deprivation of rights secured by the Constitution and laws of the United States.

2. This Court has jurisdiction over this matter pursuant to **28 U.S.C. § 1331** (Federal Question Jurisdiction) and **28 U.S.C. § 1343** (Civil Rights Jurisdiction).

3. The constitutional violations complained of are the deprivation of Plaintiff's fundamental rights to **Due Process** and **Equal Protection** guaranteed by the Fourteenth Amendment to the United States Constitution.

4. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because the events and omissions giving rise to the claim occurred within the District of New Jersey.

## II. THE IMMUNITY EXCEPTION (Younger Abstention Avoidance)

5. The Plaintiff is aware that the State may argue this Court should abstain under the doctrine of **Younger v. Harris**. Plaintiff asserts that this case falls under the "bad faith, harassment, or flagrantly unconstitutional" exception to the Younger doctrine.

6. The Defendant Judge's actions, as detailed in Section IV below, constitute a persistent pattern of arbitrary, non-neutral, and prejudicial conduct demonstrating **bad faith and harassment** by repeatedly and unjustifiably depriving the Plaintiff of property and liberty interests, rendering the state forum inadequate to protect constitutional rights.

7. The relief sought is not the cessation of the state court proceeding, but compensatory and punitive damages for the **constitutional injuries already inflicted** by the Defendant Judge, which constitute irreparable harm that cannot be remedied in the state court system.

## III. PARTIES

8. Plaintiff, ALBERT SEDGES, is an adult citizen of the United States residing in Hot Springs, Arkansas.

9. Defendant, THE HONORABLE JUDGE BARBATO (hereinafter "Defendant Judge"), is, and was at all times relevant to this Complaint, a Judge of the Superior Court of New Jersey, Morris County Vicinage, Family Part. The Defendant Judge is sued in his **Individual Capacity Only**. This suit is based on the Defendant Judge's actions that were clearly outside the scope of his jurisdiction or taken in the complete absence of all jurisdiction, or that constitute administrative or non-judicial conduct, thereby stripping him of judicial immunity.

## IV. STATEMENT OF FACTS (The Constitutional Injury)

10. The underlying state court matter is *Albert Sedges v. The Honorable Barbato*, Docket No. FM-14-000773-25.

11. The Defendant Judge has continuously presided over this matter for approximately ten (10) months, during which time he has engaged in a pattern of willful acts and omissions that violate the Plaintiff's constitutional rights.

12. The specific facts demonstrating the Judge's arbitrary, bad-faith, and unconstitutional conduct are detailed extensively in the following certifications, which are incorporated herein by reference:

- **The 13th Supplemental Certification (Filed October 31, 2025):** This certification details specific instances of the Defendant Judge's actions that violate the Plaintiff's Due Process rights under the Fourteenth Amendment.

- **The 14th Supplemental Certification (Filed October 31, 2025):** This certification details the continued pattern of unconstitutional conduct, harassment, and denial of equal protection by the Defendant Judge.

13. The continuous pattern of arbitrary conduct, as detailed in the incorporated certifications demonstrates that the Defendant Judge acted not in a judicial capacity but in a discriminatory and arbitrary administrative capacity, stripping him of judicial immunity under the test established in *Mireles v. Waco*.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF DUE PROCESS (FOURTEENTH AMENDMENT)

14. Plaintiff incorporates by reference the preceding paragraphs.

15. The Defendant Judge, acting under color of state law, deprived the Plaintiff of his liberty and property without Due Process of law, by engaging in arbitrary and capricious judicial conduct that had no rational relationship to the rule of law.

### COUNT II: VIOLATION OF EQUAL PROTECTION (FOURTEENTH AMENDMENT)

16. Plaintiff incorporates by reference the preceding paragraphs.

17. The Defendant Judge, acting under color of state law, intentionally and systematically treated the Plaintiff differently from similarly situated litigants, or otherwise treated the Plaintiff arbitrarily and irrationally, thereby violating his right to Equal Protection of the laws.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALBERT SEDGES respectfully requests that this Court enter judgment against Defendant JUDGE BARBATO, and grant the following relief:

1. Compensatory damages in an amount to be determined at trial, but no less than **$500,000.00**, for the injuries suffered, including emotional distress, financial losses, and costs incurred.

2. Punitive damages against the Defendant Judge in his Individual Capacity, in an amount sufficient to punish the Defendant and deter future similar unconstitutional conduct.

3. A declaratory judgment that the Defendant Judge violated the Plaintiff's Fourteenth Amendment rights.

4. Costs of this suit, including all filing fees.

5. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: November 2, 2025

Albert Sedges, Pro Se Plaintiff

# Legal Argument: Violation of Constitutional Rights (42 U.S.C. § 1983)

## Introduction: The Legal Framework

The actions of the Honorable Judge .𝔅𝔄𝔯𝔅𝔄𝔗𝔲., during the April 23rd, 2025, and June 18th, 2025, hearings constitute a deprivation of the Petitioner's rights, privileges, and immunities secured by the Constitution and Laws of the United States, specifically in violation of **42 U.S.C. § 1983**. The Judge, acting **under color of state law**, rendered and maintained orders that were arbitrary, irrational, procedurally unsound, and directly conflicted with federal law, resulting in irreparable financial injury to the Petitioner.

## COUNT I: VIOLATION OF SUBSTANTIVE DUE PROCESS (14th Amendment)

The Fourteenth Amendment protects individuals against arbitrary and irrational governmental action that deprives them of life, liberty, or property. A substantive due process violation occurs when a state actor's conduct is so arbitrary, egregious, or irrational that it "shocks the conscience" and violates the due process clause.

### A. The Arbitrary Deprivation of Property

1. **Creation of an Impossible Debt (April 23rd, 2025):** The Judge imposed a debt obligation of approximately **$2,000 per month** (half mortgage, utilities, etc.) on the Petitioner, whose documented sole income is **$1,465 per month**. This order created an immediate, guaranteed monthly financial deficit of approximately **$-535**. This constituted an arbitrary taking of the Petitioner's existing property (funds necessary for subsistence) by creating a debt that could only be paid through an **immediate and guaranteed default**.

2. **Maintaining the Irrational Order (June 18th, 2025):** The Judge was fully and explicitly apprised of the financial impossibility of the order. Instead of correcting the patent error, the Judge not only **reversed his order returning assets** (the vehicle and $30,000 account)—thereby eliminating any means of offsetting the debt—but then refused to modify the debt itself, stating, **"I'm not sending Sheriff's officers. Let them work it out."**

3. **Willful Indifference:** By maintaining an order that he knew resulted in guaranteed breach and potential contempt for a party subsisting on federal benefits, the Judge's actions demonstrate a willful indifference that "shocks the conscience" and constitutes a violation of **Substantive Due Process**.

## COUNT II: VIOLATION OF PROCEDURAL DUE PROCESS (14th Amendment)

The Fourteenth Amendment guarantees that no person shall be deprived of property without due process of law, requiring notice and a meaningful opportunity to be heard before deprivation occurs.

### A. Denial of a Meaningful Opportunity to be Heard

1. **Obstruction of Legal Argument (April 23rd, 2025):** The Judge denied the Petitioner the fundamental right to argue the legal doctrine of **Transmutation** regarding the contested $30,000 bank account, despite the Petitioner's documented intention and filed evidence supporting the claim. This prevented the Petitioner from defending his property interest in a marital asset.

2. **Refusal to Investigate Fraud (June 18th, 2025):** The Judge willfully ignored a formal, documented allegation of **concealment of marital assets** submitted in the Petitioner's Reply Certification (regarding a discrepancy in the Wife's Case Information Statement concerning a safety deposit box). By refusing to address this specific allegation, the Judge failed in his duty to investigate material facts that would affect property division and denied the Petitioner the process necessary to secure marital property.

3. **Procedural Obstruction:** When the Petitioner pleaded with the court for relief on June 18th, the Judge improperly asserted a lack of power to act without a specific motion form (**"Mister Sedges, I need one of these in front of me"**), despite his inherent equitable authority to immediately modify or rescind a facially unconstitutional or impossible order.

# COUNT III: VIOLATION OF THE SUPREMACY CLAUSE (42 U.S.C. § 407)

The Supremacy Clause mandates that state law and state court orders must yield to federal law. **42 U.S.C. § 407** of the Social Security Act explicitly exempts SSDI benefits from any legal process.

## A. Judicial Order Targeting Federally Protected Funds

1. **Explicit Warning and Failure to Act (June 18th, 2025):** Immediately after the Judge stated he would not enforce the order but maintained the impossible debt, the Petitioner made the court aware of the protected status of his funds, stating: **"What's going on here? I'm a social security disability recipient. The only thing I have is my monthly disability check."**

2. **Maintaining an Indirect Levy:** By maintaining the order for a **$2,000 per month debt** against a party whose sole income is **$1,465 in SSDI**, the Judge, acting under color of law, issued and maintained a judicial order that **compelled the Petitioner to use his federally exempt funds** for debt payment. This action, regardless of whether a Sheriff was dispatched, constitutes an indirect attempt to **levy, attach, or enforce** a legal process against funds explicitly protected by **42 U.S.C. § 407**, thereby violating the Supremacy Clause.