**UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**

**Albert Sedges, Plaintiff v. Barbato, Defendant**

**Case No.: 25-cv-17354**

**EMERGENCY TIME-SENSITIVE NOTICE TO THE HONORABLE ESTHER SALAS REQUEST FOR IMMEDIATE INTERVENTION REGARDING IRREPARABLE HARM**

**VIA ECF** Hon. Esther Salas, U.S.D.J. United States District Court, District of New Jersey 50 Walnut Street Newark, NJ 07102

**RE: NOTICE OF IMMINENT STATE COURT PROCEEDING AND REQUEST FOR STATUS OF EMERGENCY STAY**

Dear Judge Salas,

I am the Plaintiff, Albert Sedges, in the above-referenced matter. I am writing this as an **Emergency Time-Sensitive Notice** to update the Court on a critical, bad-faith development in the underlying State court proceeding (*Sedges v. Sedges, FM-14-000773-25*).

The state court is moving with alarming speed to bypass all procedural norms and Constitutional safeguards to distribute assets before a trial or even a Case Management Conference (CMC) has occurred. I am requesting an immediate stay based on the following:

1. **Violation of the Pendente Lite Phase and the 14th Amendment:** Although the state filing occurred on February 11, 2025, this case remains strictly in the *pendente lite* phase. Under **N.J.S.A. 2A:34-23**, assets are not to be distributed prior to a final judgment of divorce except under extraordinary circumstances which do not exist here. Distributing assets on **February 23, 2026**, constitutes a "taking" of property without Due Process and violates the 14th Amendment of the U.S. Constitution.

2. **The Illegal "Lawsuit Within a Lawsuit" and Fraudulent Financial Claims:** My wife's matrimonial attorney, Mr. Dell'Italia, has filed a separate civil motion in an overt attempt to "jump the line" and seize escrowed funds. This is a direct violation of the **Entire Controversy Doctrine (N.J. Ct. R. 4:30A)**. Crucially, Mr. Dell'Italia was already **flatly denied** any legal fees in the State Court Order dated April 23, 2025 (**See Exhibit A**). That denial was final. Yet, he is now attempting a backdoor recovery of these same fees through a secondary civil action, specifically through Mrs. DeSimone's unauthorized and illegal attachment to this marital matter.

3. **The DeSimone "Partnership" Shell Game and Lack of Standing:** Outside civil counsel, Mrs. DeSimone—who holds no standing on the matrimonial docket—has "slipped" a certification into this secondary action. She has admitted into evidence a check written by my wife to the DeSimone Law Firm for $8,000. She bizarrely claims a $3,000 balance remains and that this total of $11,000 is somehow owed to or connected to Mr. Dell'Italia. If Mrs. DeSimone wants legal fees, she is legally required to ask for them on her own through her own firm. There is no legal or procedural justification for her involvement in this marital dispute via certification. She claims a "partnership" with Dell'Italia that does not legally exist on the record. This is a fraudulent attempt to collect fees by tying them to a matrimonial case she is not part of, in violation of **N.J. Ct. R. 1:15**.

4. **Irreparable Harm and Dissipation of the Marital Estate:** Massive material assets—including furniture, silverware, crystal, jewelry, automobiles, and burial plots—remain uninventoried and dissipated. By allowing these attorneys to use a secondary civil action to drain $37,000 from the cash escrow now, the court is destroying the possibility of an "Equitable Distribution" under **N.J.S.A. 2A:34-23.1**. Once these funds are distributed to "piggybacking" attorneys, the damage is irreversible and I am left without an adequate remedy at law.

5. **Unconstitutional Conflict of Interest:** The Defendant continues to preside over these assets and has scheduled the February 23rd hearing despite being a named Defendant in this Federal civil rights action. This violates **28 U.S.C. § 455** and the fundamental Constitutional requirement of an impartial tribunal. A judge who is an active Defendant in a Federal suit cannot maintain the "cold neutrality" required to adjudicate the Plaintiff's property.

I respectfully request that this Court grant the **Emergency Stay** immediately to prevent this unconstitutional "cash grab" and illegal settlement-by-force from occurring on February 23, 2026.

Respectfully submitted,

**Albert Sedges** Plaintiff Pro Se Dated: February 6, 2026

**cc: Attorney General Matthew J. Platkin** RJ Hughes Justice Complex 25 Market Street, P.O. Box 080 Trenton, NJ 08625

**CERTIFICATE OF SERVICE** I certify that a copy of this letter was served upon the Office of the Attorney General via First Class U.S. Mail on this 6th day of February, 2026.

**Albert Sedges**

FILED

April 23, 2025

**PREPARED BY THE COURT:**                    MARTIN F. BARBATO, J.S.C.

|  |  |  |
|---|---|---|
| **CAROL ANN SEDGES,** | : | **SUPERIOR COURT OF NEW JERSEY** |
|  | : | **CHANCERY DIVISION: FAMILY PART** |
|  | : | **COUNTY OF MORRIS** |
| **Plaintiff,** | : |  |
|  | : | **DOCKET NO. FM-14-773-25** |
| v. | : |  |
|  | : |  |
| **ALBERT SEDGES,** | : | **CIVIL ACTION** |
|  | : |  |
| **Defendant,** | : | **ORDER** |
|  | : |  |

EXHIBIT A

 

     **THIS MATTER**, having been brought before the Court by way of Notice of Motion, filed by Carol Ann Sedges ("Plaintiff"), represented by John P. Dell'Italia, Esq., against Albert Sedges ("Defendant"), appearing *pro se*; and Defendant having filed a reply; and the Court having read and considered the papers; and having conducted a hearing on April 23, 2025; and for good cause shown;

     **IT IS**, on this 23rd day of APRIL 2025, **ORDERED AS FOLLOWS**:

1. Plaintiff's request for defendant to sign a listing agreement for the sale of the marital residence is **DENIED without prejudice**. Plaintiff has not submitted sufficient proof indicating that the parties are in such dire financial circumstances as to warrant the sale of the marital residence. N.J.S.A. 2A:34-23; Randazzo v. Randazzo, 184 N.J. 101, 111 (2005).

2. Plaintiff's request to reimburse for half of the June 2024 mortgage payment, the February 2025 mortgage payment, and any future mortgage payments that are to be paid up and until the hearing of this application is **GRANTED**. Parties will continue to maintain the status quo. Mallamo v. Mallamo, 280 N.J. Super. 8, 11-12 (App. Div. 1995).

3. Plaintiff's request for Defendant to pay the mortgage is **GRANTED**. See ordinal 2.

DENIED

EX
A

4. Plaintiff's request for Defendant to pay one-half of the sewer, garbage, and water bills, and the full amount of the cable and electric bills is **GRANTED** as to the parties' status quo.

5. Plaintiff's request for Defendant to pay the Home Depot bill is **DENIED without prejudice**. Plaintiff did not provide the Court with sufficient supporting information for the reason this debt was incurred.

6. Plaintiff's request for Defendant to pay half of the accountant's fee is **DENIED without prejudice**. Plaintiff did not provide the Court with sufficient supporting information the reason this debt was incurred.

7. Plaintiff's request for Defendant to pay her attorney's fees is **DENIED**.

8. Plaintiff's request for Defendant to pay half of the house appraisal fee is **DENIED without prejudice**. See ordinal 1.

9. IT IS FURTHER ORDERED both parties are to maintain the status quo. Plaintiff is to return the parties' jeep to the marital home, so that Defendant may use the same, and shall ensure that Defendant has access to the parties' bank accounts.

10. IT IS FURTHER ORDERED that Defendant has 90 days from the date of this Order to make payment to Plaintiff (1) in the amount of $4,472.38 for unpaid mortgage payments for the months of June 2024, February 2025, March 2025, and April 2025, and (2) in the amount of $338 for unpaid expenses under ordinal 4.

**For the reasons stated in the Order.**

*Martin F Barbato*
_____

**HON. MARTIN F. BARBATO, J.S.C.**