**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALBERT SEDGES, | |
| Plaintiff, | Civil Action No.: 25-17354 (ES) (JBC) |
| v. | **OPINION** |
| THE HONORABLE JUDGE BARBATO, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Albert Sedges's ("Plaintiff") "Notice of Judicial Conflict and Motion for Disqualification" (D.E. No. 14), "Urgent Notice of Supplemental Evidence in Support of Emergency Motion for Stay" (D.E. No. 11), "Certification of Albert Sedges in Support of Emergency Stay and in Response to State Court Obstruction" (D.E. No. 12), "Emergency Time-Sensitive Notice to the Honorable Esther Salas Request for Immediate Intervention Regarding Irreparable Harm" (D.E. No. 15), "Evidentiary Submission of Judicial Acts:  The April 23, 2025 Order (Exhibit A)" (D.E. No. 16), and "Supplemental Declaration of Albert Sedges In Support of Emergency Stay" (D.E. No. 17).  Having carefully considered Plaintiff's submissions and other relevant portions of the record without oral argument (*see* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b)); and it appearing that:

1.      Plaintiff commenced this matter on November 12, 2025, alleging that Defendant Judge Barbato ("Defendant") violated his rights under the Fourteenth Amendment to the United States Constitution and asserting claims pursuant to 42 U.S.C. § 1983.  (*See generally* D.E. No. 1 ("Compl.")).  Each of those claims appears to be based on actions Judge Barbato took when

presiding over a matter pending in the Superior Court of New Jersey. (*See generally id.*).[1] Plaintiff alleges that Judge Barbato violated his Fourteenth Amendment rights in connection with those actions, and seeks both compensatory and punitive damages, as well as a declaratory judgment acknowledging Judge Barbato's alleged violations. (*See generally id.*). Plaintiff explicitly represents that he does not seek to enjoin the Superior Court Matter. (*Id.* at 4 (ECF pagination)).

2.     While Plaintiff originally filed an application for leave to proceed *in forma pauperis*, (D.E. No. 1-1), he subsequently paid the requisite filing fee, and the Clerk of the Court issued a summons, (D.E. No. 5). Plaintiff represents that he served Defendant on or about January 27, 2026. (D.E. No. 13). Based on that representation, it appears that Defendant must respond to the Complaint on or before February 17, 2026.

3.     Plaintiff has recently made several filings decrying developments in the Superior Court Matter and asking that this Court actively intervene in that case. Plaintiff first filed a document titled "Notice of Judicial Conflict and Motion for Disqualification" dated February 2, 2026. (D.E. No. 14 ("Disqualification Motion")).[2] In that submission, Plaintiff argued that Judge Barbato must be disqualified from presiding over the Superior Court Matter, given his status as a defendant in the above-captioned case. (*Id.* at 1). Plaintiff specifically contended that Judge Barbato's impartiality is "significantly in question", as the Judge entered orders adverse to Plaintiff

---

[1]     Plaintiff appears to have filed two separate "complaints" this is case. First, Plaintiff submitted a document labeled "Complaint for Violation of Civil Rights (42 U.S.C. § 1983)", which concerns Defendant's activities while presiding over a marriage dissolution matter. (Compl. at 1–3 (ECF pagination)). Second, Plaintiff filed a "Federal Civil Rights Complaint (42 U.S.C. § 1983)", which appears to concern a state court matter captioned *Albert Sedges v. The Honorable Barbato*, Docket No. FM-14-000773-25. (*Id.* at 4–6 (ECF pagination)). Based upon its review of Plaintiff's submissions, however, it appears that Docket No. FM-14-000773-25 *is* the marriage dissolution matter, captioned *Carol A. Sedges v. Albert N. Sedges*, rather than a standalone action against Judge Barbato. (*See, e.g.*, D.E. No. 14 at 5–7 (ECF Pagination)). The Court will hereinafter refer to Docket No. FM-14-000773-25 as the "Superior Court Matter".

[2]     For the sake of clarity, the Court notes that while this submission was dated February 2, 2026, it was "entered" onto the docket on February 9, 2026. Thus, it has a higher Docket Entry Number than certain later-dated filings.

in the Superior Court Matter after being served with process in this case. (*Id.*).  Plaintiff requested that this Court "issue a Protective Order or a Stay specifically directed at the continued participation of Martin Barbato in [the Superior Court Matter]." (*Id.*).

4.     On February 3, 2026, Plaintiff filed a "Supplemental Certification of Albert Sedges: Record of Systemic Due Process Violations and Judicial Defiance." (D.E. No. 8).  In that submission, Plaintiff reiterated his argument against Judge Barbato's continued involvement in the Superior Court Matter, and also criticized the Superior Court's conduct of a particular virtual hearing, contending that the court started that hearing late and did not provide Plaintiff with timely notice of its start time or a link to access the proceedings, further violating his rights. (*Id.*).  On the same day, Plaintiff also filed a document titled "Formal Certification of Systemic Judicial Misconduct, Constitutional Torts, Collusion, and Administrative Sabotage." (D.E. No. 9).  In that submission, Plaintiff recounted what he characterized as misconduct by Judge Barbato and Assignment Judge Stuart Minkowitz (e.g., Judge Barbato refusing to recuse himself from the underlying Superior Court matter despite an alleged bias against Plaintiff, Assignment Judge Minkowitz permitting "17 formal motions filed by [Plaintiff] . . . to go unanswered and ignored"). (*Id.* at 2).  Plaintiff directed that submission to the Honorable Stuart Rabner of the New Jersey Supreme Court, but noted that "The Honorable Esther Salas, U.S.D.J. is being formally notified of this particular certification to the Chief Justice and the ACJC immediately." (*Id.* at 1).  Plaintiff's February 3, 2026 submissions did not seek any relief from this Court.

5.      On February 4, 2026, Plaintiff filed a document titled "Urgent Notice of Supplemental Evidence in Support of Emergency Motion for Stay." (D.E. No. 11).  In that submission, Plaintiff challenged an Order that Assignment Judge Minkowitz entered striking one

3

of Plaintiff's filings in the Superior Court Matter.[3]  Plaintiff argued that Judge Minkowitz's Order "proves that the State Court intends to proceed with the underlying litigation in total defiance of this Federal action, necessitating an immediate Stay to protect the Plaintiff's Constitutional Rights."  (*Id.* at 1).

6.    On the same day, Plaintiff also filed a document titled "Certification of Albert Sedges in Support of Emergency Stay and in Response to State Court Obstruction."  (D.E. No. 12).  In that submission, Plaintiff made various additional arguments concerning Assignment Judge Minkowitz's February 4, 2026 Order, including that (i) it was being used to prohibit Plaintiff from making future filings in the Superior Court, thereby violating his rights; (ii) it was "a direct attempt by a State Defendant to use his judicial office to block the service of process of a Federal Summons; and (iii) it threatened Plaintiff with contempt of court "specifically for seeking relief in the United States District Court", in violation of Plaintiff's First Amendment rights.  (*Id.*).

7.    On February 6, 2026, Plaintiff filed a document titled "Emergency Time-Sensitive Notice to the Honorable Esther Salas Request [sic] For Immediate Intervention Regarding Irreparable Harm."  (D.E. No. 15).  In that submission, Plaintiff challenged the process being used in the Superior Court Matter, arguing that it "is moving with alarming speed to bypass all procedural norms and Constitutional safeguards to distribute assets before a trial or even a Case Management Conference . . . has occurred."  (*Id.* at 1).  Plaintiff specifically raised a number of challenges regarding a hearing scheduled for February 23, 2026, (*id.*), and requested an emergency stay of that proceeding, which he characterized as an "unconstitutional 'cash grab' and illegal settlement-by-force."  (*Id.* at 2).

---

[3]    It appears that Plaintiff filed a copy of the Summons and Complaint for the above captioned matter on the docket in the Superior Court Matter.  By Order dated February 4, 2026, Assignment Judge Minkowitz struck that filing as frivolous and irrelevant to the state court action.  (*Id.* at 2–5 (ECF Pagination)).

8.      On February 9, 2026, Plaintiff filed a document titled "Evidentiary Submission of Judicial Acts:  The April 23, 2025 Order (Exhibit A)."  (D.E. No. 16).  Therein, Plaintiff argued that Defendant violated his constitutional rights by entering various orders and making certain decisions in the Superior Court Matter.  (*See generally id.*).  It is unclear what Plaintiff intended his February 9, 2026 submission to be.  As it does not appear to seek any additional relief, the Court interprets it as yet another submission in support of Plaintiff's existing applications.

9.      On February 10, 2026, Plaintiff filed a document titled "Supplemental Declaration of Albert Sedges in Support of Emergency Stay."  (D.E. No. 17).  In that submission, Plaintiff again took issue with Defendant's anticipated participation in a hearing scheduled for February 23, 2026, and reiterated his request for an "emergency stay" of the Superior Court Matter.  (*See generally id.*).

10.     Plaintiff's request for injunctive relief concerning the Superior Court Matter is **DENIED**.  That request fails on multiple grounds.  First, the Court notes that Plaintiff did not include a request for such injunctive relief in his Complaint,[4] such that the issue is simply not before the Court.  *See, e.g.*, *Veteran Call Ctr., LLC v. Hammerman & Gainer, Inc.*, No. 15-6257, 2016 WL 1587404, at *6 n.4 (D.N.J. Apr. 19, 2016) (holding that where the plaintiff did not raise particular claims in the complaint, they were "not properly before the Court" in the context of a subsequent motion for summary judgment) (citation omitted); *UFCW Local 152 Health & Welfare Fund v. Holiday Shop N Bag at Welsh Road*, No. 15-6825, 2016 WL 8674606, at *2 (D.N.J. Dec. 16, 2016) ("The Court cannot grant greater relief than that which is sought in the Complaint."). Even if Plaintiff had asserted such claims, he has not established an entitlement to injunctive relief. Nor does it appear he would ever be able to do so for the relief he seeks.

---

[4]      Indeed, as noted above, Plaintiff explicitly *disclaimed* seeking such relief.  (Compl. at 4 (ECF pagination)).

11.    Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions.  "If there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule 65(b)." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016).    Such "[i]njunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (quoting *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).  "The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate."   *Int'l Foodsource, LLC*, 2016 WL 4150748, at *6.

12.    Specifically, a court may grant temporary restraints only if a party shows:

(1) that it will likely succeed on the merits;
(2) that it will suffer irreparable harm if the injunction is denied;
(3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and
(4) that the public interest favors such relief.

*Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011).  That test is conjunctive, such that "[a] plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit–Mar Enters. Inc.*, 176 F.3d 151, 153 (3d Cir. 1999); *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC.*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate."). "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff.

Nonetheless, district courts should award preliminary injunctive relief only upon weighing all four factors." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

13.     Here, Plaintiff asks the Court to issue injunctive relief concerning the Superior Court Matter, disqualifying Judge Barbato from presiding over the case or staying the action entirely.  Plaintiff cannot articulate a likelihood of success on the merits of a claim seeking such relief, however, as it would be barred under the abstention doctrine that the United States Supreme Court articulated in *Younger v. Harris*, 401 U.S. 37 (1971).

14.     The *Younger* abstention doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  Discussing the scope of *Younger* abstention, the United States Court of Appeals for the Third Circuit acknowledged that "abstention is not the presumptive course, but rather an exception to the general rule that federal courts must hear and decide cases within their jurisdiction."  *Gonzalez v. Waterfront Comm'n of New York Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)).  Indeed, the Third Circuit noted that *Younger* abstention applies "in only three 'exceptional' classes of cases: (1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Id.* (quoting *Sprint Commc'ns, Inc.*, 571 U.S. at 73).  Moreover, abstention is only appropriate when (i) there are ongoing state proceedings that are judicial in nature; (ii) the state proceedings implicate important state interests; and (iii) the state proceedings afford an adequate opportunity to raise

7

federal claims. *See Ocean Grove Camp Meeting Ass'n of United Methodist Church v. Vespa-Papaleo*, 339 F. App'x 232, 236 (3d Cir. 2009). The Court will consider these points in turn.

15. First, the ongoing marriage dissolution proceedings that Plaintiff seeks to enjoin herein are unquestionably judicial in nature.

16. Second, the Superior Court Matter implicates important state interests involving family relations. *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (finding, in the context of a *Younger* abstention analysis concerning state court child custody proceedings, that "'family relations are a traditional area of state concern." (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979))). In *Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir. 2010), the United States Court of Appeals for the Third Circuit noted that "when the other elements of the *Younger* test are met, neither injunctive nor declaratory relief will be available 'in cases in which the federal relief would render the state court's orders or judgments nugatory.'" *Id.* (citations omitted). The Third Circuit specified that "[t]his is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction . . . and in which the state courts have a special expertise and experience.'"). *Id.* (quoting *Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000)).

17. As to the third requirement, Plaintiff bears the burden of establishing that "state procedural law barred presentation of [his] claims" in the ongoing state court proceeding. *Lazaridis*, 591 F.3d at 670–71. The Court finds that he has not carried that burden. Plaintiff argues that Judge Barbato engaged in a "persistent pattern of arbitrary, non-neutral, and prejudicial conduct demonstrating bad faith and harassment by repeatedly and unjustifiably depriving the Plaintiff of property and liberty interests, rendering the state forum inadequate to protect constitutional rights." (Compl. at 4 (ECF pagination)). Even taking those conclusory statements

8

as true, Plaintiff has not established that he would be unable to raise his constitutional challenges on appeal. *See, e.g.*, *Gonzalez*, 755 F.3d at 184 ("The Supreme Court has, on multiple occasions, affirmed decisions to abstain notwithstanding the state agency's refusal or inability to consider federal challenges in the initial administrative proceeding—at least where those challenges may be presented on appeal to the state court."). In short, Plaintiff has not "offer[ed] any legitimate reason why he could not raise his claims in the New Jersey state court system, and therefore this requirement is satisfied." *Frederick of Fam. Gonora v. Off. of Child Support Servs.*, 783 F. App'x 250, 252 (3d Cir. 2019).

18.     The Third Circuit has recognized that, even if all three requirements are met, "*Younger* abstention is not appropriate if the federal plaintiff can establish that (1) the state court proceedings are being 'undertaken in bad faith or for the purposes of harassment' or (2) some other extraordinary circumstance exists." *Id.* (quoting *Lazaridis*, 591 F.3d at 670). While Plaintiff summarily contends that Judge Barbato's decisions in the Superior Court Matter demonstrate "bad faith and harassment," (Compl. at 4 (ECF pagination)), he merely restates the factual bases for his claims (i.e., that Judge Barbato's decisions were so incorrect, arbitrary, and biased that they violated Plaintiff's constitutional rights). (*Id.*). The Court understands that Plaintiff disagrees with Judge Barbato's decisions in the Superior Court Matter and is dissatisfied with the conduct and results of that proceeding, generally. Based on its careful review of the record Plaintiff submitted, however, the Court finds no credible suggestion of bad faith or harassment, let alone the presence of any extraordinary circumstances that might make abstention inappropriate.

19.     In sum, the Court finds that it must abstain from exercising jurisdiction over any request to enjoin the Superior Court Matter. As Plaintiff therefore cannot establish a likelihood success on the merits of such a request, his application for injunctive relief is **DENIED**.

9

20.     The Court will address Plaintiff's existing claims against Judge Barbato in the ordinary course.

An appropriate Order follows this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

Date:  February 13, 2026

10