

**MIKIE SHERRILL**
*Governor*

**DR. DALE G. CALDWELL**
*Lt. Governor*

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

**JENNIFER DAVENPORT**
*Attorney General*

**MICHAEL C. WALTERS**
*Director*

April 14, 2026

**via CM/ECF**
The Hon. Esther Salas, U.S.D.J.
Marting Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> **Re:  Albert Sedges v. The Honorable Judge Barbato**
> **Docket No. 25-cv-17354**
>
> **Reply to Plaintiff's Opposition to Judge Barbato's**
> **Motion to Dismiss**

Dear Judge Salas:

This office represents Defendant, the Hon. Martin F. Barbato, J.S.C., in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in reply to pro se Plaintiff Albert Sedges' opposition (ECF No. 54) to Judge Barbato's Motion to Dismiss the Amended Complaint (ECF No. 38).

Plaintiff is a party to *Carol Ann Sedges v. Albert Sedges*, Docket Number FM-14-773-25, a pending marriage dissolution action presided over by Judge Barbato.  Plaintiff contends in the Amended Complaint that Judge Barbato's rulings in the marriage dissolution action concerning the marital home, expenses, escrow, and other





The Hon. Esther Salas, U.S.D.J.
April 14, 2026
Page 2

financial matters were arbitrary and capricious and violated Plaintiff's Fourteenth Amendment procedural and substantive due process rights and 42 U.S.C. § 1983. Plaintiff seeks an award of compensatory and punitive damages against the Judge.

Plaintiff's claims against Judge Barbato in his official capacity are barred by Eleventh Amendment sovereign immunity, and his claims against the Judge in his official and individual capacities are otherwise barred by the judicial immunity doctrine. In opposition, Plaintiff contends that Judge Barbato is not protected by judicial immunity because he engaged in non-judicial acts in connection with the underlying state court action and otherwise acted without jurisdiction over him. *See* Plaintiff's Opposition ("Pl. Opp.") (ECF No. 54) at 2. However, Plaintiff's argument falls apart upon closer inspection.

In support of this argument, Plaintiff submits over 1,000 pages of certifications and attached exhibits including motions, orders, and transcripts of hearings in the underlying state court proceedings before Judge Barbato. *See* Plaintiff's Supplemental Certifications ("Pl. Suppl. Cert.") (ECF Nos. 45-63). Plaintiff's voluminous submissions fail as a matter of law to undermine application of the doctrine of judicial immunity to Plaintiff's claims and instead confirm that Judge Barbato engaged in judicial acts and that the state court had jurisdiction over the underlying

The Hon. Esther Salas, U.S.D.J.
April 14, 2026
Page 3

state court proceedings.

For example, Plaintiff argues that Judge Barbato performed non-judicial acts and acted without jurisdiction during a September 12, 2025, hearing in the underlying state court proceedings. Specifically, Plaintiff argues that Judge Barbato inappropriately "re-labeled" his pendente lite motion as a motion for reconsideration "for the purpose of denying a hearing..." *See* Pl. Suppl. Cert. (ECF No. 57) at 22-23. Plaintiff asserts that a "judge has no jurisdiction to trap a litigant into a procedural default through deceptive coaching and mislabeling of the record." *See id.* at 23.

Plaintiff's argument fails as a matter of law for two reasons. First, Judge Barbato's characterization of Plaintiff's pendente lite motion as one for reconsideration is a textbook judicial act or a "function normally performed by a judge." *Gallas v. Supreme Court*, 211 F.3d 760, 768-769 (3d Cir. 2000)(quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Courts are routinely tasked with interpreting and categorizing motions. Second, Plaintiff's assertion that Judge Barbato acted "in the clear absence of jurisdiction" is equally meritless. *Gallas,* 211 F.3d at 768-769 (quoting *Stump* 435 U.S. at 356, n.6). The Superior Court of New Jersey, Chancery Division, Family Part, maintains jurisdiction over matrimonial matters, which of course includes pendente lite

The Hon. Esther Salas, U.S.D.J.
April 14, 2026
Page 4

motions filed in such actions. *See* N.J. Ct. R. 5:1-2(a).

Plaintiff makes similar arguments regarding hearings in the underlying state court proceedings on April 23, 2025, June 13, 2025, and October 8, 2025. *See* Pl. Suppl. Cert. (ECF Nos. 45-63). These arguments all fail for the same reasons that his argument concerning the September 12, 2025 hearing fails. Ultimately, Plaintiff's disagreement with Judge Barbato's rulings in the underlying state court proceedings -- and Plaintiff's contention that the state court acts as a "star chamber," *see* Pl. Supp. Cert. (ECF No. 57) at 5 -- fail to address the application of judicial immunity to his claims against Judge Barbato.

For the reasons stated herein as well as those set forth more fully in Judge Barbato's moving brief, Plaintiff's Amended Complaint should be dismissed, with prejudice.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:   s/Kenneth R. Schuster, Jr.
      Kenneth R. Schuster, Jr.
      Deputy Attorney General

cc:   (via CM/ECF)
      Albert Sedges