UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ALBERT N. SEDGES,**
Plaintiff,

v.

**MARTIN BARBATO,**
Defendant.

1 of 5

**Case No.: 2:25-cv-17354-ES**

COMPLAINT - Block - 3

**SUPPLEMENTAL CERTIFICATION OF ALBERT N. SEDGES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR JUDICIAL IMMUNITY**

**(FIRST ADMINISTRATIVE COMPLAINT: SABOTAGE OF APPELLATE REVIEW)**

**I, ALBERT N. SEDGES, certify the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:**

1. I submit this Supplemental Certification in opposition to the Defendant's Motion to Dismiss for Judicial Immunity. This document provides physical proof of a "void" order that intentionally sabotages my right to appellate review.
2. **THE EXISTENCE OF A VALID CLAIM:** As shown in the attached records (filed October 20, 2025), I did in fact make a specific and detailed claim for relief. My complaint documented clear violations of the Social Security Act's anti-alienation provision (42 U.S.C. § 407(a)) and professional ethical canons.
3. **FAILURE TO PROVIDE A STATEMENT OF REASONS:** The Defendant denied my complaint by writing only the phrase "failure to state a claim." This is a conclusion, not a statement of reason. The Defendant provided no findings of fact or conclusions of law. Under both New Jersey Court Rule 1:7-4 and United States Supreme Court precedent, a judge is mandated to state the reasons for their decision. The Defendant's failure to do so is a per se violation of Due Process.
4. **SABOTAGE OF APPELLATE RIGHTS:** By refusing to provide a statement of reasons, the Defendant has rendered it impossible for me to appeal this decision. Without a stated reason, there is no record for the Appellate Division to review. This "administrative blockade" was a tactical maneuver designed to insulate the Defendant's conduct from oversight, violating the 14th Amendment mandate for a "meaningful opportunity to be heard" (*Armstrong v. Manzo*, 380 U.S. 545).
5. **USURPATION & RETALIATION:** The Defendant intercepted this complaint (which was intended for the Assignment Judge) and adjudicated it himself Under *In re Murchison*, 349 U.S. 133, a judge is strictly prohibited from being a "judge in his own cause."
6. **INCORPORATION OF EVIDENCE:** Attached hereto are the true and correct copies of the October 20, 2025 Complaint and the Defendant's "void" order. **These records are incorporated herein in their entirety, without truncation or editing, to provide an accurate record of the Defendant's conduct.**

**SUMMARY OF AUTHORITIES: WHY THE IMMUNITY SHIELD IS BROKEN**

**I. ARMSTRONG V. MANZO, 380 U.S. 545**
Legal Principle: Due Process requires a "meaningful" opportunity to be heard.
Application: Issuing a denial without a statement of reasons strips the process of all meaning and intentionally blocks the right to appeal.

**II. IN RE MURCHISON, 349 U.S. 133**
Legal Principle: A judge is disqualified from acting when they have a personal interest.
Application: Intercepting and "dismissing" a complaint filed against oneself—without a record—is the ultimate breach of neutrality.

**III. FORRESTER V. WHITE, 484 U.S. 219**
Legal Principle: Immunity does not attach to administrative or ministerial acts.
Application: The failure to perform the mandatory ministerial duty of providing a statement of reasons is not a protected judicial act.

**IV. N.J. COURT RULE 1:7-4**
Legal Principle: The court "shall" find the facts and state its conclusions of law.
Application: The Defendant's refusal to follow this mandate proves his action was an administrative blockade, not a judicial ruling.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Dated: March 16, 2026**

**ALBERT N. SEDGES**
*Plaintiff Pro Se*

**NOTICE OF SERVICE**

**A copy of this Supplemental Certification and all attachments has been sent via U.S. Mail to:**

**Office of the Attorney General**
RJ Hughes Justice Complex
P.O. Box 080
Trenton, NJ 08625

(890)

**I. ARMSTRONG V. MANZO, 380 U.S. 545**

Legal Principle: Due Process requires a "meaningful" opportunity to be heard.
Application: Issuing a denial without a statement of reasons strips the process of all meaning and intentionally blocks the right to appeal.

**II. IN RE MURCHISON, 349 U.S. 133**

Legal Principle: A judge is disqualified from acting when they have a personal interest.
Application: Intercepting and "dismissing" a complaint filed against oneself—without a record—is the ultimate breach of neutrality.

**III. FORRESTER V. WHITE, 484 U.S. 219**

Legal Principle: Immunity does not attach to administrative or ministerial acts.
Application: The failure to perform the mandatory ministerial duty of providing a statement of reasons is not a protected judicial act.

**IV. N.J. COURT RULE 1:7-4**

Legal Principle: The court "shall" find the facts and state its conclusions of law.
Application: The Defendant's refusal to follow this mandate proves his action was an administrative blockade, not a judicial ruling.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Dated: March 16, 2026**

**ALBERT N. SEDGES**
*Plaintiff Pro Se*

**NOTICE OF SERVICE**

**A copy of this Supplemental Certification and all attachments has been sent via U.S. Mail to:**

**Office of the Attorney General**
RJ Hughes Justice Complex
P.O. Box 080
Trenton, NJ 08625

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ALBERT N. SEDGES,**
**Plaintiff, Pro Se**

**v.**

**MARTIN BARBATO,**
**Defendant.**

**Case No: 2:25-cv-17354-ES-JBC**
**The Honorable Esther Salas, U.S.D.J.**

## SUPPLEMENTAL CERTIFICATION OF ALBERT N. SEDGES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ON THE GROUNDS OF JUDICIAL IMMUNITY

I, **ALBERT N. SEDGES**, of full age, hereby certify as follows:

1. I submit this Supplemental Certification to incorporate the following legal argument regarding the Defendant's adjudication of his own cause and the resulting structural due process violations, specifically in relation to the violation of the CMC.
2. **LEGAL ARGUMENT: ADJUDICATION IN ONE'S OWN CAUSE AND STRUCTURAL DUE PROCESS VIOLATIONS**

   "The Defendant's active adjudication of motions and recusal requests directed at his own conduct —while simultaneously appearing as a named Defendant in a pending Federal Civil Rights action —constitutes a *per se* violation of the ancient and foundational legal maxim ***Nemo debet esse judex in propria causa*** ('No one should be a judge in their own case'). Under the Due Process Clause of the Fourteenth Amendment, a litigant is guaranteed the right to a 'neutral and detached magistrate'. As established by the United States Supreme Court in *Caperton v. A. T. Massey Coal Co.*, 556 U.S. 868 (2009), even the 'probability of bias' is sufficient to require recusal, yet the Defendant here has transitioned from a position of judicial neutrality to one of personal advocacy. By intercepting and ruling upon motions aimed at his own removal and the validity of his own prior orders, the Defendant has collapsed the adversarial process and committed a 'structural error' that defies fundamental fairness. Such acts are not 'judicial' in nature but represent a ministerial usurpation of power, effectively piercing the shield of judicial immunity and rendering the resulting orders void for lack of an impartial tribunal."
3. I certify that the Defendant's interception and self-adjudication of complaints regarding the CMC violations represent a terminal departure from judicial standard, proving he acted in the complete absence of all jurisdiction.

## PROOF OF SERVICE

I, **ALBERT N. SEDGES**, certify that a true copy of this Supplemental Certification was served upon the following party via **United States Postal Service, First Class Mail**, on this 16 day of March, 2026:

**Office of the Attorney General**
**Richard J. Hughes Justice Complex**

(891)

**25 Market Street, P.O. Box 080**
**Trenton, NJ 08625**

**I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on this 16 day of March, 2026.

**ALBERT N. SEDGES, Plaintiff, Pro Se**

NOTICE: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status information.

"COMPLAINT" ORIGINAL PACKET

## Form A - Notice of Motion

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT N. SEDGES

NJ Attorney ID Number N/A

Address ~~69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856~~

Daytime Phone 8626836327 ext. N/A Cell Phone

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT N. SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL ANN SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Notice of Motion**
(See Below)

TO: (Other party's lawyer or Other Party)
JOHN P. DELL'ITALIA 18 TONY GALENTO PLAZA ORANGE NEW JERSEY 07050

(County Probation Division)

PLEASE TAKE NOTICE that on Friday, ____________, at 9:00 a.m., or as soon after that as the matter may be heard, ALBERT N. SEDGES, the (check one) ☐ plaintiff / ■ defendant will apply to whichever judge is hearing matters in the Superior Court, Chancery Division - Family Part, Morris County, at the Morris County Courthouse MORRISTOWN, New Jersey for an order to:

- ☐ Continuation/Termination of Child Support
- ☐ Increase/Decrease Child Support payments
- ☐ Motion for Reconsideration
- ☐ Enforce Litigants' Rights



(893)

- ☐ Increase/Decrease Alimony payments
- ☐ Change Custody arrangements
- ☐ Change Visitation arrangements
- ☐ Emancipate a Child
- ☐ Reimburse Medical Expenses
- ☐ Change of Venue
- ■ Other (specify): Formal Administrative Complaint and Request for Immediate Judic

(Type or print what you are asking the court to do. Attach additional sheets of 8.5" x 11" white paper, if necessary.)

1. Formal Administrative Complaint and Request for Immediate Judicial Intervention Please see attached complaint original an 5 supplemental certifications .

2.

3.

4.

5. Require the Morris County Probation Division to adjust its records in accordance with this order for Child Support account CS- N/A, and reissue any orders of income withholding if necessary;

6. Or such other relief as the Court may deem equitable and just.

7. I (check one) ☐ do / ■ do not want oral argument.

s/ [signature] Date: 10/20/2025
(Signature)

(check one) ☐ Plaintiff ■ Defendant

| | | |
|---|---|---|
| If you requested oral argument do you need to request: | | |
| An interpreter | ☐ Yes ☐ No | Language: |
| A disability accommodation | ☐ Yes ☐ No | Accommodation: |





(894)

**Form B – Certification in Support of a Motion**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT N. SEDGES
NJ Attorney ID Number N/A
Address 69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856
Daytime Phone 8626836327 ext. N/A Cell Phone 0000000000
Email Address SEDGES1@YAHOO.COM

Your Name ALBERT N. SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL ANN SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County ______
Docket Number FM-14-000773-25

**Civil Action**
**Certification in Support of a Motion**
(See Below)

I, ALBERT N. SEDGES, of full age, hereby certify:

1. I am the (check one) ☐ plaintiff / ■ defendant in this matter and I am filing this Certification in support of my Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): Formal Administrative Complaint and Request for Immediate Judic

2. Explanation of facts: (Attach additional sheets of 8.5" x 11" white paper, if necessary.)
   a. See Attached Certifications and Administrative Escalation Documents (Fifth Supplemental Certification), incorporated by reference,and original complaint

   b.



(895)

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT N. SEDGES
NJ Attorney ID Number N/A
Address 69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856

Daytime Phone 8626836327 ext. N/A Cell Phone 0000000000
Email Address SEDGES1@YAHOO.COM
Your Name ALBERT N. SEDGES
(check one) ☐ Plaintiff ■ Defendant

CAROL ANN SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on Friday, ____________________, on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): Formal Administrative Complaint and Request for Immediate Judic

filed by ☐ plaintiff / ■ defendant and ______________________________
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☐ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ____________________ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☐ denied the following relief(s): (See step 5 on page 10)
   a. ______________________________
   b. ______________________________



(896)

## Form D- Certification of Filing and Service

I hereby certify that the original of the attached Notice of Motion, the original of the attached supporting Certification, and the original and two copies of the Proposed Order are being filed with the Clerk of the Superior Court at the Morris Family Division Manager's Office.

In addition, I certify that I served a copy of this motion (check one)

- ☐ personally, on the person(s) or attorney(s) listed below.
  - ☐ Notarized acknowledgement of service signed by the other party attached (Form H). (Required if checking the box above.)
- ☐ by process server, courier service or by an adult neutral third party, on the person(s) or attorney(s) listed below.
  - ☐ Affidavit/Acknowledgement of service attached. (Required if checking the box above.)
- ■ by mailing it on this date to the person(s) or attorney(s) listed below by **BOTH** regular and certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

| | |
|---|---|
| JOHN P. DELL'ITALIA<br>(Name) | (Name) |
| 9589071052702736026085<br>(Certified Mail Number) | (Certified Mail Number) |
| 18 TONY GALENTO PLAZA<br>(Address) | (Address) |
| ORANGE NEW JERSEY 07050<br>(City, State & Zip Code) | (City, State & Zip Code) |
| (Name) | (Name) |
| (Certified Mail Number) | (Certified Mail Number) |
| (Address) | (Address) |
| (City, State & Zip Code) | (City, State & Zip Code) |

s/ [signature]
(Signature)

Date: 10/20/2025

ALBERT N. SEDGES
(Type or print your name)

(check one) ☐ Plaintiff ■ Defendant



(8997)

# ATTENTION: ASSIGNMENT JUDGE STEWART MINKOWITZ

# ADMINISTRATIVE COMPLAINT AND REQUEST FOR IMMEDIATE JUDICIAL INTERVENTION

## SUPERIOR COURT OF NEW JERSEY

CHANCERY DIVISION – FAMILY PART MORRIS COUNTY DOCKET NO. FM-14-000773-25

**Sedges v. Sedges** **Docket No. FM-14-000773-25**
**Plaintiff**: CAROL SEDGES **Defendant:** Albert Sedges, *Pro Se*

# ADMINISTRATIVE COMPLAINT TO THE ASSIGNMENT JUDGE REGARDING JUDICIAL FAILURE TO ADHERE TO THE RULE OF LAW AND EQUITABLE STANDARDS

**TO THE HONORABLE ASSIGNMENT JUDGE STEWART MINKOWITZ:**

The Defendant, Albert Sedges, *Pro Se*, files this Administrative Complaint pursuant to **Rule 1:33-6(a)** (General Power of Assignment Judge) to request immediate review and intervention regarding a persistent pattern of **judicial error, failure to apply equitable principles (Unclean Hands), and violations of Procedural Due Process (U.S. Const. Amend. XIV)** by the presiding Judge, which has resulted in a denial of justice and the continuous financial sabotage of the Defendant.

The substance of this complaint is detailed in the annexed filing, **Defendant's Pro Se Supplemental Certification (October 25, 2025)**, which is incorporated herein by reference.

## I. Statement of the Primary Judicial Failure

The presiding Judge has repeatedly demonstrated a failure to apply consistent and neutral legal standards, creating a series of mutually exclusive rulings that reward the Plaintiff's misconduct and penalize the Defendant's economic distress.

**The core failure is the Court's explicit acknowledgement of the Plaintiff's wrongdoing, followed by the refusal to apply the necessary equitable remedy.**

1. **Judicial Awareness of Unclean Hands:** The Court was aware of the Plaintiff's unilateral seizure of the marital vehicle (Jeep Patriot) and the joint bank account as early as the **April 23, 2025 hearing**, where the Judge verbally ordered the Plaintiff to restore the marital *status quo*. This initial order confirms the Plaintiff's actions constituted **tortious conversion** and a violation of the **Unclean Hands Doctrine** by attempting to financially cripple the Defendant.
2. **Judicial Contradiction (The Palpable Error):** Despite this awareness and the subsequent, reasoned **September 19, 2025 Order** (which granted the Jeep/access to the Defendant based on the need to maintain the *status quo*), the Court simultaneously issued a denial of the

Defendant's request for mortgage relief. In this denial, the Court cited the strict standard for reconsideration (**R. 4:49-2**), requiring proof of a **"palpably incorrect basis"** or a failure to consider **"probative evidence."**

- **The Error:** The Court's own decision to ignore the proven **Unclean Hands Doctrine** (which is the most critical and probative equitable evidence) while citing the rule that requires its consideration is, by definition, a **palpably incorrect judicial basis** and a denial of basic equitable jurisprudence. The Court cannot use the doctrine to grant the assets but discard it to enforce the resulting debt.

3. **Failure to Address Mandatory Factors:** The Court continues to ignore the severe and documented income disparity (Defendant on SSDI at approximately $1,400/month vs. Plaintiff at $3,800/month), which is a mandatory factor in equitable distribution (**N.J.S.A. 2A:34-23(e)**).

## II. Delegation of Judicial Duty and Due Process Violations

The Court further compromised its neutrality by improperly delegating its judicial fact-finding function to the adverse party, the Plaintiff.

1. **Tainted Valuation:** The Court issued an unwritten, unsigned verbal instruction to the Plaintiff to obtain a valuation for the marital vehicle and jewelry. This delegation violates **R. 4:42-1** and **R. 5:3-3(c)**. This resulted in the submission of two compromised pieces of evidence: (a) a **written admission** from a mechanic who admitted to being the Plaintiff's **"dear close personal friend"** (proving bias) and (b) an **inflated repair estimate from a legitimate dealership** obtained unilaterally by the Plaintiff, both of which constitute **incompetent, biased, and adversarial evidence** designed to facilitate the vehicle's salvage.

2. **Judicial Bias and Reliance on Unverified Attorney Representation:** The Court demonstrated clear **judicial bias** by accepting the **unverified verbal representation** of the Plaintiff's attorney that the vehicle required $6,000 in repairs. The Judge overruled the Defendant's objection, stating on the record: ***"I trust the attorney that he wouldn't lie. He's an officer of the Court."*** The Judge, therefore, adopted the Plaintiff's adversarial $6,000 figure without requiring a physical, certified estimate. The Judge then relied on this unverified figure to make a sarcastic comment on the record to the Defendant: **"Do you have $6,000 Mr. Sedges just to fix the vehicle,"** demonstrating a failure to act as a neutral fact-finder.

3. **Contradictory Ruling and Improper Delegation Regarding Marital Jewelry:** The Court committed a fatal contradiction by simultaneously making two mutually exclusive statements regarding the marital jewelry and the contents of the safe deposit box:

- ***Judicial Coercion through Misstatement of Law:** The Judge verbally ruled on the record, prior to hearing evidence on valuation, that the jewelry was not subject to distribution, stating unequivocally to the Defendant: **"Mr. Sedges, they are gifts that you gave her. You're not entitled to them. Period."** This definitive ruling is a fundamental legal error, as the exclusion provision in N.J.S.A. 2A:34-23(h) applies only to **third-party gifts**. This misstatement of law was so impactful that the **Pro Se Defendant initially conceded the asset**, believing the Judge was correct. This concession, which has since been retracted, demonstrates that the Judge's error led the Defendant to surrender a marital asset under a **false legal premise**, proving a severe lack of impartiality and an abuse of judicial authority over the unrepresented litigant. **Interspousal gifts** and assets acquired and **transmuted** (such as the engagement ring upgraded multiple times using marital funds) are fully subject to equitable distribution.*

- ***Contradictory Order:*** *Immediately thereafter, the Court ordered the Plaintiff to photograph, inventory, and appraise the jewelry.*

***This contradiction demonstrates a profound judicial inconsistency and a failure to apply statutory law. Property that is classified as a non-marital gift requires no appraisal. By ordering the Plaintiff to act as the sole fact-finder and appraiser (in violation of R. 5:3-3(c)) for property the Judge had already classified as "hers," the Court guaranteed a biased valuation and constituted an Abuse of Discretion.***

**4. Unequal Application of the Reconsideration Standard (R. 4:49-2):** The Court's inconsistency and bias are further confirmed by its unequal application of court rules. In the **September 19, 2025 Order**, the Judge correctly stated that reconsideration requires proof of a **"palpably incorrect basis"** or **"new evidence."** However, the Court subsequently entertained and gave credence to the Plaintiff's Motion for Reconsideration, which was procedurally flawed and **patently lacked both required elements.** Specifically, the Plaintiff's motion contained irrelevant matters (e.g., the mention of **fur coats**), demonstrating it was an abuse of process. The Court's acceptance of this frivolous motion, which failed the very standard the Judge himself set, proves that the Court selectively applies **R. 4:49-2** against the *Pro Se* litigant while allowing the Plaintiff and opposing counsel to abuse the process with impunity. The Court's failure to sanction or admonish opposing counsel for filing irrelevant and procedurally defective matter underscores this profound imbalance.

## III. Requested Relief

The Defendant submits that the presiding Judge has violated fundamental judicial principles, resulting in a denial of a just and equitable proceeding. The Defendant respectfully requests that the Assignment Judge immediately:

1. **REVIEW** the record, including the **Pro Se Supplemental Certification**, for evidence of judicial error and bias.
2. **INTERVENE** to resolve the ongoing **financial emergency** by enforcing the doctrine of Unclean Hands and reallocating the *pendente lite* mortgage responsibility consistent with the documented income disparity.
3. **STRIKE** all biased asset valuations and order the appointment of a truly neutral, third-party expert pursuant to **R. 5:3-3(c)** to preserve the marital estate.

**I CERTIFY** that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

Dated: October 18, 2025

**Albert Sedges** *Pro Se Defendant*

## CERTIFICATE OF SERVICE

I certify that on this date, October 18, 2025, a true and correct copy of this **ADMINISTRATIVE COMPLAINT TO THE ASSIGNMENT JUDGE** was served upon the following parties via First Class U.S. Mail and Electronic Mail (where applicable):

1. **The Presiding Judge: HONORABLE JUDGE BARBATO, J.S.C.** Superior Court of New Jersey, Chancery Division, Family Part Morris County Courthouse **10 Court Street, Morristown, New Jersey 07960**

2. **Plaintiff's Counsel: JOHN P DELL'ITALIA, ESQ.** 18 TONY GALENTO PLAZA, ORANGE, NEW JERSEY 07050

**Albert Sedges** *Pro Se Defendant*

FILED
NOV 25 2025
Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**
Name ALBERT N. SEDGES
NJ Attorney ID Number N/A
Address ~~69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856~~

Daytime Phone 8626836327 ext. N/A Cell Phone 0000000000
Email Address SEDGES1@YAHOO.COM
Your Name ALBERT N. SEDGES
(check one) ☐ Plaintiff ■ Defendant

CAROL ANN SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday~~, Saturday, October 18, 2025(*), on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): Formal Administrative Complaint and Request for Immediate Judic

filed by ☐ plaintiff / ■ defendant and ______________
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☐ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this November 21, 2025 ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)
   a. ______________
   b. ______________



(9021)

c. ______________________________

d. ______________________________

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

Defendant failed to make a request for relief that was supported by law and/or fact. Defendant filed the same motion five times, on 10/15/25 (twice), on 10/17/25, and on 10/19/25 (twice). Defendant has filed fifty-one motions and/or certifications since 10/07/25, seeking similar relief to this motion and/or previous motions. Therefore,

2. The Morris County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- N/A, required by this order and reissue, if necessary, any income withholding orders.

Martin J. Barbato, J.S.C.

Defendant is hereby referred to the Hon. Stuart Minkowitz, A.J.S.C., for a hearing on whether Defendant should be found to be a vexatious litigant, pursuant to Rosenblum v. Borough of Closter, 333 N.J. Super 385, 395-397 (App. Div. 2000).

USURPING AUTHORITY

DENYING HIS OWN COMPAINT SAYS I'M VEXATOUS - RETALIATION



(903)

**OFFICIAL FILING: SUPPLEMENTAL CERTIFICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ALBERT N. SEDGES, Plaintiff,**
**v.**
**MARTIN BARBATO, Defendant.**

2 of 5

**Case No.: 2:25-cv-17354-ES** COMPLAINT -BLOCK-3

**NOTICE TO THE HONORABLE ESTHER SALAS, U.S.D.J.**
**RE: SUPPLEMENTAL CERTIFICATION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS DUE TO JUDICIAL IMMUNITY**

**THE INTERCEPTED COMPLAINT AND USURPATION OF ADMINISTRATIVE AUTHORITY: PIERCING THE IMMUNITY SHIELD**

**Honorable Judge Salas,**

The Plaintiff submits this Supplemental Certification to document a flagrant act of **Obstruction of Justice** and the **Usurpation of Authority** where the Defendant intercepted and adjudicated a formal complaint filed against his own conduct.

**1. THE USURPATION OF THE ASSIGNMENT JUDGE'S AUTHORITY**
When a formal administrative complaint is filed against a sitting judge for procedural violations and misconduct, the authority to review that complaint rests solely with the **Assignment Judge** or an independent disciplinary body.

- **THE INTERCEPTION:** The Defendant intercepted the Plaintiff's formal grievance, preventing it from reaching the Assignment Judge.
- **USURPING THE "BOSS":** By taking the "reins" of a complaint filed against himself, the Defendant usurped the authority of the Assignment Judge. He effectively stripped his superior of the power to oversee the court's administration, ensuring that no independent eyes would see his violations.
- **JUDGING HIS OWN CAUSE:** The Defendant sat in judgment of the very complaint that named him as the wrongdoer. He "adjudicated" the matter himself, acting as judge, jury, and executioner to suppress the investigation into his own actions.

**2. THE ADMINISTRATIVE BLOCKADE AND "FAILURE TO STATE A CLAIM"**
This was not a judicial act; it was an act of **Obstruction** intended to insulate the Defendant from accountability.

- **THE PROCEDURAL IMPOSSIBILITY:** In his denial, the Defendant utilized the legal term **"Failure to State a Claim."** This is a procedural impossibility. A formal administrative complaint regarding a judge's misconduct is not a "claim" for civil damages that a judge can dismiss under his own authority.
- **THE DENIAL:** The Defendant denied the complaint, claiming it sought "the same relief" as a prior motion. This is factually false. The filing was a formal grievance for procedural violations (failure to hold a CMC), not a motion for matrimonial relief.

**3. PIERCING THE IMMUNITY SHIELD: FEDERAL & CONSTITUTIONAL VIOLATIONS**

- **THE 14TH AMENDMENT:** The right to an **Impartial Tribunal** is absolute. When a judge usurps administrative authority to adjudicate a complaint against himself, he destroys the Due Process of the law.
- **MIRELES V. WACO, 502 U.S. 9:** Judicial immunity is forfeited when a judge acts in the **"complete absence of all jurisdiction."** A judge has **zero jurisdiction** to intercept administrative mail or hear a complaint where he is the named respondent.
- **FORRESTER V. WHITE, 484 U.S. 219:** The act of intercepting administrative complaints and usurping the oversight duties of an Assignment Judge is an administrative/clerical act, not a judicial one. Administrative acts are **not** protected by absolute immunity.
- **TUMEY V. OHIO, 273 U.S. 510:** It is a violation of the 14th Amendment for a judge to have a personal interest in the outcome of a case. The Defendant had a direct personal interest in dismissing the complaint to hide his own rule violations.

**CONCLUSION**

The documentation proves the Defendant committed **Obstruction of Justice** and **Usurpation of Authority** by intercepting and adjudicating his own complaint. By using "Failure to State a Claim" to kill a grievance against his own conduct and bypassing his own "boss," the Defendant committed a **Fraud upon the Court** and a violation of **42 U.S.C. § 1983.**

**CERTIFICATION OF TRUTH**

I, Albert N. Sedges, certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under the law, including the penalties for perjury and/or contempt of court.

**Dated:** March 17, 2026

**Signed:** ______________________

**Albert N. Sedges**, Plaintiff Pro Se

**PROOF OF SERVICE**

I hereby certify that a true and correct copy of this Supplemental Certification was served upon the following parties via **First Class U.S. Mail** on this 17th day of March, 2026:

**Office of the Attorney General**
**Richard J. Hughes Justice Complex**
**25 Market Street, P.O. Box 080**
**Trenton, NJ 08625**

**Signed:** ______________________

**Albert N. Sedges**, Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ALBERT N. SEDGES,**
**Plaintiff,**
**v.**
**MARTIN BARBATO,**
**Defendant.**

**Case No.: 2:25-cv-17354-ES**

**SUPPLEMENTAL CERTIFICATION OF ALBERT N. SEDGES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR JUDICIAL IMMUNITY**
**(SECOND ADMINISTRATIVE COMPLAINT: ADJUDICATING OWN COMPLAINT & OBSTRUCTION)**

I, ALBERT N. SEDGES, certify the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I submit this Supplemental Certification in opposition to the Defendant's Motion to Dismiss for Judicial Immunity. This document provides physical proof of the Defendant's continued extra-judicial conduct, specifically his adjudication of a second formal complaint filed against his own person.
2. **ADJUDICATING HIS OWN COMPLAINT:** As shown in the attached records, the Defendant personally adjudicated this second administrative complaint which was filed to address his prior obstruction. Under *In re Murchison*, 349 U.S. 133, a judge is strictly prohibited from being a "judge in his own cause." By intercepting and ruling on a complaint where he was the named subject of the griévance, the Defendant acted in the clear absence of all jurisdiction.
3. **STRUCTURAL BIAS (FEDERAL SUMMONS):** At the time the Defendant "denied" this second complaint on **February 3, 2026**, he was—and remains—a named Defendant and Adversary in this Federal Lawsuit. He was under Federal Summons for violations under 42 U.S.C. § 1983. His decision to rule on his own complaint while being an active adversary in a related federal matter constitutes a total breach of judicial neutrality.
4. **ADMINISTRATIVE DELAY AND FRAUDULENT "FAILURE TO STATE A CLAIM" LABEL:** I certify that the Defendant utilized a procedural excuse to deny this complaint, falsely claiming a "Failure to State a Claim." This is a material misstatement of the record used to facilitate an administrative blockade, as the claim was fully supported within my motion package. Furthermore, the records demonstrate a significant administrative delay; while this matter was entered into the court on **November 28, 2025**, the Defendant did not adjudicate it until **February 3, 2026.** This 67-day delay while under federal summons is a violation of the integrity of the proceedings.
5. **FAILURE TO PROVIDE A STATEMENT OF REASONS:** The Defendant issued a summary denial without any findings of fact or conclusions of law. This refusal to provide a "Statement of Reasons" violates the United States Supreme Court's mandate for Due Process. This intentional silence was a tactical maneuver designed to sabotage my right to appellate review and trespasses on my federal rights by ensuring no reviewable record exists (*Armstrong v. Manzo*, 380 U.S. 545).

**TABLE OF AUTHORITIES: PIERCING THE IMMUNITY SHIELD**

- **Stump v. Sparkman, 435 U.S. 349:** Absolute Immunity is forfeited when a judge acts in the **"clear absence of all jurisdiction."** Adjudicating a complaint against one's self is a jurisdictional void.
- **In re Murchison, 349 U.S. 133:** Established the due process requirement of an impartial tribunal; a judge cannot adjudicate a matter in which he has a personal interest or is an **adversary**.
- **Armstrong v. Manzo, 380 U.S. 545**: Failure to provide a meaningful record or **Statement of Reasons** is a constitutional violation that prevents the right to be heard "at a meaningful time and in a meaningful manner."
- **Forrester v. White, 484 U.S. 219:** Immunity does not protect **administrative or ministerial** acts. The handling and delay of internal complaints are administrative functions.
- **First Amendment, U.S. Constitution:** Protects the right to **Petition for Redress of Grievances**, which is violated when a defendant judge intercepts and denies the very complaint filed against him.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Dated:** March 19, 2026

**ALBERT N. SEDGES, Plaintiff Pro Se**

**NOTICE OF SERVICE**
A copy of this Supplemental Certification has been sent via U.S. Mail to: Office of the Attorney General, RJ Hughes Justice Complex, P.O. Box 080, Trenton, NJ 08625.

## 1. The Calculation

From **November 28, 2025**, to **February 3, 2026**, is exactly **67 days**.

In the context of New Jersey Court Rules (specifically **R. 5:5-4**), motions in family matters are generally required to be heard and decided within a specific timeframe (usually 15 to 24 days from the return date, depending on the track). A 67-day delay without a decision or a statement of reasons represents a significant departure from mandatory judicial timeframes.

## 2. Professional Certification Paragraph

"The Defendant's failure to adjudicate the pending motions filed on November 28, 2025, until the 'mass execution' of orders on February 3, 2026—a period of **67 days**—constitutes a categorical denial of procedural due process. Under the New Jersey Court Rules and the constitutional mandate for timely adjudication, a judge is obligated to provide a prompt resolution and a clear statement of reasons for every judicial determination. By withholding a decision for over two months while the Plaintiff remained under the constraints of a high-conflict marital matter, the Defendant utilized administrative silence as a tool of attrition. Constitutionally, this 'pocket veto' of judicial redress violates the Right to Petiton and the Due Process Clause of the Fourteenth Amendment, as 'justice delayed is justice denied.' Furthermore, holding these motions in abeyance only to summarily dismiss them in a bulk 'file dump' once the Defendant himself became a party to a Federal action demonstrates a clear absence of judicial neutrality and an intent to obstruct the adversarial process through administrative blockage."

3/19/2026

COMPLAINT ON JUDGES

11/25/25

**NOTICE**: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status information.

**Form A - Notice of Motion**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address ~~201 SOUTH RODGERS RD. HOT SPRINGS AR. 71901 BLDG I APT. 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ____________

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Notice of Motion**
(See Below)

TO: (Other party's lawyer or Other Party)
JOHN DELL'ITALIA 18 TONY GALENTO
PLAZA ORANGE N.J. 07050

(County Probation Division)

PLEASE TAKE NOTICE that on Friday, ________________, at 9:00 a.m., or as soon after that as the matter may be heard, ALBERT SEDGES, the (check one) ☐ plaintiff / ■ defendant will apply to whichever judge is hearing matters in the Superior Court, Chancery Division - Family Part, Morris County, at the Morris County Courthouse MORRISTOWN, New Jersey for an order to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): obstruction and violation of process OF ORIGINAL COMPLAINT

(Type or print what you are asking the court to do. Attach additional sheets of 8.5" x 11" white paper, if necessary.)

1. SEE ATACHED COMPLAINT

2.

3.

4.

5. Require the Morris County Probation Division to adjust its records in accordance with this order for Child Support account CS- N/A, and reissue any orders of income withholding if necessary;

6. Or such other relief as the Court may deem equitable and just.

7. I (check one) ■ do / ☐ do not want oral argument.

s/ [signature] Date: 11/28/2025
(Signature)
(check one) ☐ Plaintiff ■ Defendant

| If you requested oral argument do you need to request: | | |
|---|---|---|
| An interpreter | ☐ Yes ☐ No | Language: |
| A disability accommodation | ☐ Yes ☐ No | Accommodation: |

## Form B – Certification in Support of a Motion

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address 201 SOUTH RODGERS RD. HOT SPRINGS AR. 71901 BLDG I APT. 130

Daytime Phone 8626836327 ext. N/A Cell Phone ____________

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County MORRIS
Docket Number FM-14-000773-25

**Civil Action**

**Certification in Support of a Motion**

(See Below)

I, ALBERT SEDGES, of full age, hereby certify:

1. I am the (check one) ☐ plaintiff / ■ defendant in this matter and I am filing this Certification in support of my Notice of Motion to:

- ☐ Continuation/Termination of Child Support
- ☐ Increase/Decrease Child Support payments
- ☐ Increase/Decrease Alimony payments
- ☐ Change Custody arrangements
- ☐ Change Visitation arrangements
- ☐ Motion for Reconsideration
- ☐ Enforce Litigants' Rights
- ☐ Emancipate a Child
- ☐ Reimburse Medical Expenses
- ☐ Change of Venue
- ■ Other (specify): obstruction and violation of process OF ORIGINAL COMPLAINT

2. Explanation of facts: (Attach additional sheets of 8.5" x 11" white paper, if necessary.)
   a. SEE ATTACHED COMPLAINT

   b.



(911)

# Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address 201 SOUTH RODGERS RD. HOT SPRINGS AR. ~~71901 BLDG I APT. 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ________

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on Friday, ________________, on a Notice of Motion to:

- ☐ Continuation/Termination of Child Support
- ☐ Increase/Decrease Child Support payments
- ☐ Increase/Decrease Alimony payments
- ☐ Change Custody arrangements
- ☐ Change Visitation arrangements
- ☐ Motion for Reconsideration
- ☐ Enforce Litigants' Rights
- ☐ Emancipate a Child
- ☐ Reimburse Medical Expenses
- ☐ Change of Venue
- ■ Other (specify): obstruction and violation of process OF ORIGINAL COMPLAINT

filed by ☐ plaintiff / ■ defendant and ____________________
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ________________ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☐ denied the following relief(s): (See step 5 on page 10)
   a. ____________________
   b. ____________________

**Form D- Certification of Filing and Service**

I hereby certify that the original of the attached Notice of Motion, the original of the attached supporting Certification, and the original and two copies of the Proposed Order are being filed with the Clerk of the Superior Court at the Morris Family Division Manager's Office.

In addition, I certify that I served a copy of this motion (check one)

- ☐ personally, on the person(s) or attorney(s) listed below.
  - ☐ Notarized acknowledgement of service signed by the other party attached (Form H). (Required if checking the box above.)
- ☐ by process server, courier service or by an adult neutral third party, on the person(s) or attorney(s) listed below.
  - ☐ Affidavit/Acknowledgement of service attached. (Required if checking the box above.)
- ■ by mailing it on this date to the person(s) or attorney(s) listed below by **BOTH** regular and certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

| | |
|---|---|
| JOHN DELL'ITALIA | |
| (Name) | (Name) |
| 9589071052702736024177 | |
| (Certified Mail Number) | (Certified Mail Number) |
| 18 TONY GALENTO PLAZA | |
| (Address) | (Address) |
| ORANGE N.J. 07050 | |
| (City, State & Zip Code) | (City, State & Zip Code) |
| (Name) | (Name) |
| (Certified Mail Number) | (Certified Mail Number) |
| (Address) | (Address) |
| (City, State & Zip Code) | (City, State & Zip Code) |

s/ [signature]

(Signature)

Date: 11/28/2025

ALBERT SEDGES

(Type or print your name)

(check one) ☐ Plaintiff ■ Defendant



(913)

**ATTENTION CLERK: THIS IS A PRIORITY FILING. FOR IMMEDIATE DELIVERY TO ASSIGNMENT JUDGE MINKOWITZ. CLERK INSTRUCTION: THIS IS A STANDALONE MOTION. ATTACH IMMEDIATELY TO THE VEXATIOUS LITIGANT REFERRAL RECORD AND SCHEDULE FOR HEARING.**

# NOTICE OF MOTION AND CERTIFICATION

# MOTION TO VACATE VEXATIOUS LITIGANT REFERRAL *VOID AB INITIO* DUE TO CONSTITUTIONAL DUE PROCESS VIOLATIONS AND JUDICIAL ABUSE OF AUTHORITY

# ATTENTION: ASSIGNMENT JUDGE MINKOWITZ

**SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION - FAMILY PART MORRIS COUNTY**

**Docket No.:** FM-14-000773-25 **Plaintiff:** Carol Sedges **Defendant:** Albert Sedges

**PLEASE TAKE NOTICE** that on the next available motion date, the undersigned, ALBERT SEDGES, Defendant Pro Se, will move before the Assignment Judge, Hon. Stuart A. Minkowitz, J.S.C., for an Order granting the relief set forth below.

## CERTIFICATION OF FACTS AND LEGAL ARGUMENT

The Vexatious Litigant Referral initiated by Judge Barbato is not merely erroneous; it is the **poisonous fruit** of an illegal judicial act and an undisputed conflict of interest, directly resulting in a denial of the Defendant's constitutional right to be heard by an objective tribunal.

### I. VIOLATION OF DUE PROCESS: DENIAL OF THE RIGHT TO BE HEARD BY AN IMPARTIAL JUDGE

The entire referral is predicated upon an illegal ruling issued by Judge Barbato, the **presiding judge in the underlying Sedges v. Sedges divorce matter**, on a matter where his personal and professional conduct was the subject of a formal complaint.

a. **Conflict of Interest (N.J. Court Rule 1:12-1(g) and Canon 3.7(A)):** On or about **October 20, 2025**, the Defendant filed a formal complaint naming Judge Barbato's conduct as the subject. Judge Barbato subsequently issued a ruling in the underlying matter. This action constitutes a direct and undeniable **conflict of interest** in violation of **N.J. Court Rule 1:12-1(g)** (disqualification due to personal interest) and **Canon 3.7(A) of the Code of Judicial Conduct**, which requires automatic disqualification when a judge's impartiality is reasonably questioned.

b. **Retaliatory Sanction:** By proceeding to issue an Order and subsequently initiating the Vexatious Litigant Referral *after* being named in a formal complaint, Judge Barbato created a clear record of **retaliation** and the misuse of judicial office to silence a litigant.

c. **Constitutional Deprivation and the Bar to Impartiality**: The actions taken by Judge Barbato deprived the Defendant of his fundamental right to Due Process—the right to be heard by a neutral and objective decision-maker. **The Assignment Judge is advised that Judge Barbato, by unilaterally becoming the Complainant and Accuser, has forfeited all pretense of impartiality and has transformed into an ADVERSE PARTY. This conflict is irreconcilable, rendering his continued involvement in the underlying divorce matter and the vexatious referral constitutionally defective.**

## II. JUDICIAL OBSTRUCTION AND LACK OF ACCOUNTABILITY: THE MANDATE FOR TRIAL AND CONFRONTATION

The Referral acts as an **Obstruction of Justice** by attempting to impede the Defendant's constitutional rights and is factually flawed due to the Presiding Judge's gross lack of specificity.

**The Assignment Judge is hereby placed on NOTICE: By accepting the Vexatious Litigant Referral from his subordinate judge who violated the core basis of a complaint against him, the Assignment Judge is exposing the entire judicial process to immediate, mandatory, and aggressive constitutional challenge and discovery. The Defendant asserts that this Vexatious Litigant Referral IS a retaliatory JUDICIAL COMPLAINT initiated by Judge Barbato, who has now become an ADVERSE PARTY while simultaneously remaining the Presiding Judge in this divorce matter. This is not a judicial referral; it is an ILLEGAL ACTION of personal complaint. THE NECESSITY OF DEPOSING AND CROSS-EXAMINING THE JUDGE PRESIDING OVER THE UNDERLYING MATTER IS THE CLEAREST POSSIBLE PROOF OF JUDICIAL BIAS AND LACK OF IMPARTIALITY, VIOLATING FUNDAMENTAL DUE PROCESS.**

**Whether the proceeding is characterized as a "hearing" or a "trial" is irrelevant. Because the outcome involves potential sanctions (the deprivation of the right to file motions without leave), the proceeding is necessarily a QUASI-JUDICIAL ACTION. Accordingly, the Defendant is guaranteed the full panoply of rights afforded by the Due Process Clause of the Fifth and Fourteenth Amendments, including the right to full Discovery, an Evidentiary Hearing, and the right to Confront and Cross-Examine his Accuser.**

**Should the Assignment Judge move forward with a hearing on this complaint, the Defendant WILL NOT be asking for permission, but MANDATORILY exercising his constitutional rights, commencing an immediate, highly detailed, and extensive adversarial process. This proceeding, based on an accusation, is a *de facto* trial where the Defendant possesses the constitutional right to confront his accuser.**

**Immediate action will include:**

1. **MOTION FOR FULL DISCOVERY:** The Defendant will require the Assignment Judge (and his staff) to turn over **all documents, emails, correspondence, and logs of conversations** between the Assignment Judge, his Clerk, Judge Barbato, and Judge Barbato's

Clerk concerning the underlying divorce matter, the formal complaint against Judge Barbato, and the Vexatious Litigant Referral. Furthermore, the Defendant will demand the mandatory production of **every single document cited** as vexatious, including all **11 distinct motions** and the approximately **30 supplemental certifications** filed by the Defendant.

2. **MOTION FOR EVIDENTIARY HEARING AND CONFRONTATION:** To conduct a rigorous, fact-based inquiry into **Judge Barbato's actions, motivations, conflicts of interest, and the factual basis** of his complaint. This hearing will serve as the **trial of the facts** concerning the vexatiousness charge, during which the Defendant will assert his constitutional right to have Judge Barbato present as the Complainant and **cross-examine him extensively** on the factual errors, lack of specificity, and the impact on his judicial credibility and character.

3. **MOTION TO COMPEL DEPOSITION OF THE ACCUSER:** To compel the sworn deposition of **Judge Barbato, the Complainant and Adverse Party**, regarding the illegal ruling, his conflict of interest, the specific basis for his claim of vexatiousness, and his failure to abide by judicial ethics, **exposing the irreparable breach of impartiality that mandates his disqualification from all related proceedings.**

**The Assignment Judge is advised that proceeding with this Referral will convert a simple administrative dismissal into a complex and prolonged legal battle focused entirely on judicial conduct and discovery, necessitating the extensive use of court resources and time.**

a. **Lack of Factual Specificity and Judicial Accountability:** Judge Barbato's Order, which serves as the sole basis for the Referral, vaguely and encryptically alleges "50 to 51 motions and certifications." This figure is **unsubstantiated, misleading, and factually erroneous**, serving only to prejudice the Assignment Judge.

**Requirement of Transparency:** When filing a charge of Vexatious Litigant, the Presiding Judge is obligated to provide **complete transparency and an itemized account** of the filings deemed vexatious. Judge Barbato has provided none of this clarity.

**Defendant's Record:** The Defendant asserts his total filings comprise **11 distinct motions**, supported by approximately **30 supplemental certifications**, each with its own specific identity and directly relating to the central concerns of the 11 motions.

**Procedural Failure:** Judge Barbato's refusal to provide an itemized list or account for the difference between the 11 motions and the alleged 50-51 filings demonstrates a profound **failure of judicial accountability**. He has unlawfully burdened the Assignment Judge with the duty to "dig around" for the factual basis of his own complaint, demonstrating the Referral is punitive rather than procedural.

## III. USURPATION OF ADMINISTRATIVE AND JUDICIAL AUTHORITY

Judge Barbato's acts demonstrated a blatant overstepping of his judicial role, resulting in the invalidation of the entire Referral process.

a. **Usurping the Court Clerk's Administrative Function:** The underlying document Judge Barbato cited as "lacked any support in law or fact" had already been **accepted, date-stamped, and filed by the Court Clerk's Office**. The Clerk's acceptance confirms the document met all administrative submission requirements. Judge Barbato improperly acted as a screening clerk, attempting to retroactively declare a filed document deficient. This act **usurped the specific administrative function of the Clerk's Office**, rendering his subsequent ruling on the document's acceptability procedurally improper and void.

b. **Usurping the Assignment Judge's Authority:** By ruling on a matter where he was the subject of a complaint—a matter which falls under the direct, exclusive review of the Assignment Judge—Judge

Barbato unilaterally and illegally usurped the Assignment Judge's administrative authority, thereby violating the judicial hierarchy and established administrative protocols.

c. **The Referral is Void *Ab Initio***: Given the chain of constitutional and ethical violations, the Vexatious Litigant Referral originated from an Order that was entered without jurisdiction due to the judicial conflict of interest. The Referral must therefore be declared **VOID *AB INITIO*** (void from the beginning).

# IV. RELIEF REQUESTED: DECLARATION OF JUDICIAL MISCONDUCT

The Defendant, Albert Sedges, respectfully and urgently requests that the Assignment Judge enter an Order:

a. **DECLARING THE VEXATIOUS LITIGANT REFERRAL VOID *AB INITIO*** due to the conflict of interest and the subsequent violation of the Defendant's constitutional right to Due Process and to be heard by an objective tribunal.

b. **ISSUING A FORMAL FINDING** that Judge Barbato's action constituted a severe **Misuse of Judicial Office** and an act of **Obstruction of Justice** by attempting to shield himself from discovery and due process.

c. **IMMEDIATELY REFERRING JUDGE BARBATO'S CONDUCT** for a full and formal investigation regarding his abuse of authority, usurpation of administrative functions, and the use of the Referral as a means of judicial retaliation against the Defendant.

d. **IMMEDIATELY DISMISSING WITH PREJUDICE** the Vexatious Litigant Referral for lack of factual and procedural basis.

e. Granting such other relief as the Court deems just and equitable.

**[ASSIGNMENT JUDGE'S NOTE FOR REFERENCE]**

**The Assignment Judge is respectfully directed to reference the approximately seven (7) Supplemental Certifications filed subsequent to the Recusal Complaint (October 30, 2025) and the Refiled Complaint (November 25, 2025). These specific supplemental certifications detail the factual merits of the vexatious litigant allegation and the presiding judge's conflict of interest, and they are incorporated by reference into the factual basis of this Motion to Vacate.**

# V. CERTIFICATION OF TRUTH

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: November 27, 2025

ALBERT SEDGES, Defendant Pro Se

**18 Tony Galento Plaza Orange, New Jersey 07050**

**CERTIFICATE OF SERVICE**

I certify that a true copy of this Notice of Motion and Certification was served upon **John Dell'Italia, Esq.**, attorney for the Plaintiff, at the following address via JEDS, email, and First Class Mail this date:

(917)

FILED
FEB 03 2026
Martin F. Barbato, J.S.C

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**
Name ALBERT SEDGES
NJ Attorney ID Number N/A
Address ~~201 SOUTH RODGERS RD. HOT SPRINGS AR. 71901 BLDG 1 APT. 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ______
Email Address SEDGES1@YAHOO.COM
Your Name ALBERT SEDGES
(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ November 28, 2025, on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): obstruction and violation of process OF ORIGINAL COMPLAINT

filed by ☐ plaintiff / ■ defendant and ______
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this February 3, 2026 ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)
   a. ______
   b. ______



(918)

c. ______

d. ______

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

Defendant failed to state a claim upon which relief could be granted. Denied.

2. The Morris County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- N/A, required by this order and reissue, if necessary, any income withholding orders.

Martin F. Barbato

MARTIN F. BARBATO, J.S.C.

HELD FOR 67 DAYS
ADJUDICATING
INTERCEPTING
USURPING
DEF. UNDER FED SUMMONS

**LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge **"shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."**

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review**. *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

(919)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ALBERT N. SEDGES,**
Plaintiff,

v.

**MARTIN BARBATO,**
Defendant.

3 of 5

**Case No.: 2:25-cv-17354-ES**

COMPLAINT-BLOCK-3

## SUPPLEMENTAL CERTIFICATION OF ALBERT N. SEDGES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR JUDICIAL IMMUNITY

**(THIRD ADMINISTRATIVE COMPLAINT: INTERCEPTION & ADJUDICATION WHILE UNDER FEDERAL SUMMONS)**

**I, ALBERT N. SEDGES, certify the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:**

1. I submit this Supplemental Certification in opposition to the Defendant's Motion to Dismiss for Judicial Immunity. This document provides physical proof of the Defendant's continued extra-judicial conduct, specifically an adjudication performed on **February 27, 2026**, while the Defendant was an active **Adversary** under **Federal Summons**.
2. **ADJUDICATION WHILE UNDER FEDERAL SUMMONS:** On February 27, 2026, the Defendant issued a denial of the attached "Eyes Only" motion. At the time of this ruling, the Defendant had already been served and was a named **Defendant** in this Federal civil rights action. Ruling on matters involving a litigant who has a pending Federal lawsuit against the presiding judge is a total breach of neutrality and a violation of the 14th Amendment.
3. **INTERCEPTION OF "EYES ONLY" CORRESPONDENCE:** The attached motion was explicitly marked for the Assignment Judge to address the ongoing fraud and obstruction within the court. The Defendant intercepted this correspondence and adjudicated it himself. This "gatekeeping" is an administrative act of self-preservation, not a judicial function, performed in the clear absence of all jurisdiction to prevent independent oversight.
4. **FRAUDULENT "DUPLICATE' LABELS:** The Defendant denied the relief by labeling it a "duplicate. These are material misstatements of the record. Because the Defendant previously refused to provide a "Statement of Reasons," the Plaintiff was forced to refile to seek a compliant order. The Defendant utilized these fraudulent labels to facilitate a "procedural void."
5. **VIOLATION OF SUPREME COURT MANDATE (NO STATEMENT OF REASONS):** The February 27th order contains no findings of fact or conclusions of law. This refusal to provide a Statement of Reasons violates the United States Supreme Court's mandate for Due Process and was designed to sabotage my right to appellate review by ensuring no reviewable record exists (*Armstrong v. Manzo*, 380 U.S. 545).
6. **ADJUDICATING HIS OWN COMPLAINT:** By ruling on this "Eyes Only" complaint, the Defendant sat in judgment of an accusation filed against his own conduct. Under *In re Murchison*, 349 U.S. 133, a judge is strictly prohibited from being a "judge in his own cause."

(920)

## SUMMARY OF AUTHORITIES: WHY THE IMMUNITY SHIELD IS BROKEN

**I. IN RE MURCHISON, 349 U.S. 133**
A judge is disqualified from acting when they have a personal interest. Ruling on a complaint against oneself while being an Adversary under Federal Summons is the ultimate breach of neutrality.

**II. ARMSTRONG V. MANZO, 380 U.S. 545**
Due Process requires a "meaningful" opportunity to be heard. A summary denial on February 27th without a statement of reasons is a "sham" process designed to block appellate review.

**III. FORRESTER V. WHITE, 484 U.S. 219**
Immunity does not attach to administrative or ministerial acts. The "gatekeeping" of "Eyes Only" mail and the management of these files are administrative, not judicial, functions.

**IV. N.J. COURT RULE 1:7-4**
The court "shall" find the facts and state its conclusions of law. The Defendant's repeated refusal to follow this mandatory ministerial duty proves his actions were a blockade, not a judicial adjudication.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Dated: March 16, 2026**

**ALBERT N. SEDGES**
*Plaintiff Pro Se*

## NOTICE OF SERVICE

**A copy of this Supplemental Certification and all attachments has been sent via U.S. Mail to:**

**Office of the Attorney General**
RJ Hughes Justice Complex
P.O. Box 080
Trenton, NJ 08625

**NOTICE**: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status information.

**Form A - Notice of Motion**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address ~~201 SOUTH RODGERS RD.HOT SPRINGS AR. 71901 BLDG I APT 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ____________

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Notice of Motion**
(See Below)

TO: (Other party's lawyer or Other Party)
JOHN DELL'ITALIA 18 TONY GALENTO
PLAZA ORANGE NJ 07050

(County Probation Division)

PLEASE TAKE NOTICE that on Friday, ____________________, at 9:00 a.m., or as soon after that as the matter may be heard, ALBERT SEDGES, the (check one) ☐ plaintiff / ■ defendant will apply to whichever judge is hearing matters in the Superior Court, Chancery Division - Family Part, Morris County, at the Morris County Courthouse MORRRISTOWN, New Jersey for an order to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
■ Other (specify): COMPLAINT AGAINST JUDGE BARBATO COMPLAINT
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue

(Type or print what you are asking the court to do. Attach additional sheets of 8.5" x 11" white paper, if necessary.)

1. Order the immediate recusal of Judge BARBATO, assign a new trial judge, and compel immediate supervisory adjudication of all misconduct complaints by Assignment Judge MINKOWITZ. (See Attached Verification)

2. THIS IS FOR ASSIGNMENT JUDGE MINKOWITZ TO ADJUDICATE NOT JUDGE BARBATO!!!

3.

4.

5. Require the Morris County Probation Division to adjust its records in accordance with this order for Child Support account CS- N/A, and reissue any orders of income withholding if necessary;

6. Or such other relief as the Court may deem equitable and just.

7. I (check one) ■ do / ☐ do not want oral argument.

s/ [signature] Date: 12/08/2025
(Signature)
(check one) ☐ Plaintiff ■ Defendant

If you requested oral argument do you need to request:
An interpreter ☐ Yes ☐ No Language: ______
A disability accommodation ☐ Yes ☐ No Accommodation: ______

## Form B – Certification in Support of a Motion

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES
NJ Attorney ID Number N/A
Address 201 SOUTH RODGERS RD.HOT SPRINGS AR. 71901 BLDG I APT 130
Daytime Phone 8626836327 ext. N/A Cell Phone
Email Address SEDGES1@YAHOO.COM
Your Name ALBERT SEDGES
(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County MORRIS
Docket Number FM-14-000773-25

**Civil Action**
**Certification in Support of a Motion**
(See Below)

I, ALBERT SEDGES, of full age, hereby certify:

1. I am the (check one) ☐ plaintiff / ■ defendant in this matter and I am filing this Certification in support of my Notice of Motion to:

- ☐ Continuation/Termination of Child Support
- ☐ Increase/Decrease Child Support payments
- ☐ Increase/Decrease Alimony payments
- ☐ Change Custody arrangements
- ☐ Change Visitation arrangements
- ☐ Motion for Reconsideration
- ☐ Enforce Litigants' Rights
- ☐ Emancipate a Child
- ☐ Reimburse Medical Expenses
- ☐ Change of Venue
- ■ Other (specify): COMPLAINT AGAINST JUDGE BARBATO COMPLAINT

2. Explanation of facts: (Attach additional sheets of 8.5" x 11" white paper, if necessary.)
   a. Judge BARBATO has twice acted outside all jurisdiction by ruling on his own recusal and ethical complaint, and has falsified the court record to deny the defendant Due Process rights through fabricated "out of time" and "duplicate" orde
   b. rs.(See Attached Verification)

ATTN: ASSIGNMENT JUDGE MINKOWITZ!!!

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address ~~201 SOUTH RODGERS RD.HOT SPRINGS AR. 71901 BLDG I APT 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ____________

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ☒ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on Friday, ____________________, on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue

■ Other (specify): COMPLAINT AGAINST JUDGE BARBATO COMPLAINT !!!

filed by ☐ plaintiff / ■ defendant and ____________________
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ____________________ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☐ denied the following relief(s): (See step 5 on page 10)
   a. ____________________
   b. ____________________

## Form D- Certification of Filing and Service

I hereby certify that the original of the attached Notice of Motion, the original of the attached supporting Certification, and the original and two copies of the Proposed Order are being filed with the Clerk of the Superior Court at the Morris Family Division Manager's Office.

In addition, I certify that I served a copy of this motion (check one)

- ☐ personally, on the person(s) or attorney(s) listed below.
  - ☐ Notarized acknowledgement of service signed by the other party attached (Form H). (Required if checking the box above.)
- ☐ by process server, courier service or by an adult neutral third party, on the person(s) or attorney(s) listed below.
  - ☐ Affidavit/Acknowledgement of service attached. (Required if checking the box above.)
- ■ by mailing it on this date to the person(s) or attorney(s) listed below by **BOTH** regular and certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

| | |
|---|---|
| JOHN DELL'ITALIA | |
| (Name) | (Name) |
| 9589071052702736038804 | |
| (Certified Mail Number) | (Certified Mail Number) |
| 18 TONY GALENTO PLAZA | |
| (Address) | (Address) |
| ORANGE N.J. 07050 | |
| (City, State & Zip Code) | (City, State & Zip Code) |
| (Name) | (Name) |
| (Certified Mail Number) | (Certified Mail Number) |
| (Address) | (Address) |
| (City, State & Zip Code) | (City, State & Zip Code) |

s/ [signature]

(Signature)

Date: 11/08/2025

ALBERT SEDGES

(Type or print your name)

(check one) ☐ Plaintiff ■ Defendant

**SUPERIOR COURT OF NEW JERSEY**

**CHANCERY DIVISION – FAMILY PART**

**MORRIS COUNTY**

**DOCKET NO: FM-14-000773-25**

**ATTENTION: ASSIGNMENT JUDGE MINKOWITZ – FOR HIS EYES ONLY**

**DEFENDANT'S COMPOSITE MOTION AND FORMAL COMPLAINT AGAINST JUDGE BARBATO: PROCEDURAL FRAUD, USURPATION OF ADMINISTRATIVE AUTHORITY, AND JUDICIAL MISCONDUCT**

## I. PRELIMINARY STATEMENT

This Motion and Formal Complaint is submitted directly to the Assignment Judge to document an ongoing, illegal procedural "ambush" designed to bypass the New Jersey Rules of Court. Most recently, in November 2025, the Court twice attempted to force the Defendant into an off-the-record "conference" without formal notice or an established record. This calculated "Shadow Court" tactic necessitated the Defendant filing a **Motion to Compel a Case Management Conference (CMC)** simply to force this Court to follow the law and conduct proceedings on the record.

The Defendant utilizes the events of the October 8, 2025 hearing as a necessary refresher and evidentiary foundation. That hearing proved that when the Court operates outside of rigid CMC protocols, it results in a " Kangaroo Court" environment where the Defendant is gagged, evidence is ignored, and property rights are summarily dissolved. This document serves to assemble all numbered points of violation into a singular record of judicial misconduct and structural error.

## II. STATEMENT OF FACTS AND LEGAL VIOLATIONS

1. **The November "Ambush" Attempts:** In November 2025, the Court's staff contacted the Defendant twice to participate in informal conferences. These were not scheduled through the Case Management Office and lacked the protections of a recorded proceeding.
   - **VIOLATIONS: NJ Rule 1:2-1 (Open Court Policy); 14th Amendment (Due Process). This is a blatant attempt to conduct an illegal "Shadow Court" where the Defendant's objections cannot be preserved for appeal.**
2. **Unauthorized "Shadow Court" Communications:** The Defendant received an email from Law Clerk **Timney** requesting a "3:00 PM Conference" without a formal order or statement of purpose and provided zero notice.
   - **VIOLATIONS: 14th Amendment (Due Process); Canon 3(A)(4) (Improper Informal Communications).**
3. **Usurpation of Administrative Authority:** A second email from the Clerk requested a **1:30 PM conference** unilaterally labeled a **"Case Management Conference (CMC)."** This bypassed the Case Management Office, which holds the sole authority to calendar such events.
   - **VIOLATIONS: Usurpation of Administrative Authority; Violation of Court Scheduling Protocols; Canon 1.**

(9127)

4. **The "Schizophrenic" Litigation Pattern (April–October):** The Court has engaged in a destructive cycle of granting and revoking rights: **April:** Granted car/bank/box access; **June:** Revoked all access; **September 19:** Re-granted access with a full-page written justification; **October 24:** Nullified the September order without explanation.
   - **VIOLATIONS: Arbitrary and Capricious Rulings; Violation of the "Law of the Case" Doctrine; Judicial Instability.**
5. **The October 24, 2025 "Handwritten Nullification":** By handwritten note, Judge Barbato nullified his own favorable September 19th order. He issued a "Denied" stamp across the Defendant's requests for the car, bank account, and safety deposit box, erasing a month of legal progress without a statement of reasons.
   - **VIOLATIONS: NJ Rule 1:7-4 (Failure to provide findings of fact and conclusions of law); Structural Error.**
6. **Failure to Read the Record & Gaslighting of Litigant:** During a verbal altercation on the record, Judge Barbato falsely asserted that the Defendant only began complaining about asset concealment "a month ago." The Defendant, **Albert Sedges**, has filed **Supplemental Certifications, Reply Certifications, and a Statement of Clean Origin** documenting concealment since March 2025.
   - **VIOLATIONS: Canon 3(A)(1); Canon 3(A)(4); Rule 1:7-4. The Judge's failure to read filed certifications is a denial of the Right to be Heard.**
7. **Abandonment of Judicial Decorum:** Judge Barbato entered into a shouting match with the Defendant. While the Judge admitted on September 12th, **"I see something here with concealment,"** *he failed to take any remedial action, instead choosing to scold the Defendant for* "Chasing Ghosts."
   - **VIOLATIONS: Canon 3(A)(4) (Duty to be patient, dignified, and courteous); Judicial Negligence.**
8. **The Irrational "Fix or Junk" Ultimatum:** The October 24th order dictates that **if the car is fixed, the Plaintiff keeps it**, but **if it is junked, the parties split the proceeds.**
   - **VIOLATIONS: Violation of Equitable Distribution (NJSA 2A:34-23.1); Judicial Bias.**
9. **The September 12, 2025 "Yes or No" Gag Order:** During the hearing on September 12, 2025, the Judge stripped the Defendant of his right to a defense by stating: **"Mr. Sedges, all I want from you is yes or no. I don't want any explanation."**
   - **VIOLATIONS: 14th Amendment (Right to be Heard); Canon 3(A)(4).**
10. **Summary Deprivation of Property (Power of Attorney):** The Judge granted the Plaintiff **Power of Attorney** to sell the marital home based solely on hearsay from Plaintiff's counsel.
    - **VIOLATIONS: Due Process; Arbitrary Exercise of Power.**
11. **Finding of Non-Credibility vs. Rewarding the Liar:** Judge Barbato stated: **"Mrs. Sedges, I do not believe you. I do not find you credible."** Yet he gave her total control over the marital assets.
    - **VIOLATIONS: Judicial Estoppel; Abuse of Discretion.**
12. **The Evolution of the Vehicle Fraud (March vs. October):** In March, a "lifelong friend" (Ortiz) claimed it was a "set of brakes." In October, the attorney predicted a "$6,000 overhaul."
    - **VIOLATIONS: Fraud Upon the Court; Conflict of Interest.**
13. **The "Shocks the Conscience" Endorsement:** The Judge endorsed the attorney's unsworn testimony: **"Mr. Della Italia is an officer of the court. I believe him. Why would he lie?"**
    - **VIOLATIONS: Judicial Bias; Endorsement of Hearsay.**

14. **The "Pin Money" Interrogation:** The Judge interrogated the Defendant on his survival, asking if his wife gives him "pin money."
    - **VIOLATIONS: Canon 3(A)(4); Judicial Misconduct.**
15. **The Discriminatory Scolding Regarding the Safety Deposit Box:** The Judge scolded the Defendant for not knowing the "definitive" contents of a box the Judge had blocked him from entering.
    - **VIOLATIONS: Judicial Mockery; Shifting the Burden of Proof.**
16. **The "48-Hour Ultimatum":** The Judge gave the non-credible Plaintiff 48 hours to self-produce "evidence" for his desk.
    - **VIOLATIONS: NJ Rule 5:3-3 (Failure to appoint neutral expert).**
17. **Post-Hearing Manifestation of Fraud:** Following the 48-hour ultimatum, the Plaintiff produced a dealership estimate for exactly **$6,000**. The Defendant intends to **subpoena the dealership.**
    - **VIOLATIONS: Judicial Estoppel; Fraud Upon the Court.**
18. **Discriminatory Weaponization of Disability:** The Judge used the Defendant's 2024 Social Security Disability status to question why he "needs" a car.
    - **VIOLATIONS: ADA Discrimination; Violation of Equal Protection.**
19. **Willful Disregard of Federal Tax Evidence:** The Judge ignored 2020–2023 tax returns proving the Defendant was a "worker/driver" while the Plaintiff was retired.
    - **VIOLATIONS: Failure to Consider Evidence; Arbitrary Ruling.**
20. **The Doctrine of Unclean Hands:** The Court manufactured the Defendant's hardship by stripping his transport, then punished him for that hardship.
    - **LEGAL VIOLATION: Doctrine of Unclean Hands; Equitable Estoppel.**
21. **Willful Blindness to Perjury (Blank CIS):** The Plaintiff's **CIS Page 8 (Assets)** remains blank after seven months.
    - **VIOLATIONS: NJ Rule 5:5-2 (Mandatory CIS Filing).**
22. **Asset Dissipation and Spoliation:** Due to the Judge's refusal to enforce the Sept 19th order, the jewelry has now vanished.
    - **LEGAL BASIS: Motion for Spoliation of Evidence.**

## III. REQUEST FOR RELIEF

**WHEREFORE**, based upon the documented procedural fraud and the manifest bias of Judge Barbato, the Defendant, ***Albert Sedges***, *respectfully requests:*

1. An **Immediate Stay** of all orders entered by Judge Barbato, specifically the October 24, 2025 Order;
2. The **Removal and Recusal** of Judge Barbato from this matter pursuant to **Rule 1:12-1**;
3. The **Vacating** of the Power of Attorney granted to the Plaintiff for the sale of the marital home;
4. The **Appointment of a Neutral Special Master** at the Plaintiff's sole expense.

## CERTIFICATE OF SERVICE

## IV. INCORPORATED RULES AND VIOLATIONS (THE BELLS AND WHISTLES)

- **FIDUCIARY DUTY OF SPOUSES:** Under New Jersey law, spouses have a fiduciary duty to each other to disclose all assets. A judge who refuses to enforce this duty while acknowledging concealment is committing a **Constitutional Tort.**
- **EQUITABLE DISTRIBUTION (N.J.S.A. 2A:34-23):** The court has a mandatory duty to protect the marital estate. Using "discovery" as a stalling tactic while assets are being drained is a "Willful and Wanton" disregard for the law.
- **LAW OF THE CASE DOCTRINE:** Once a court decides upon a rule of law or a finding of fact (such as a credibility determination), that decision should continue to govern the same issues in subsequent stages in the same case. Reversing this without cause is a violation of **Procedural Due Process.**
- **14th AMENDMENT – ARBITRARY DEPRIVATION:** The sudden reversal of a property right (access to the car and accounts) without a statement of reasons is a classic "Arbitrary and Capricious" act by a state official under **Color of Law.**
- **MINISTERIAL BREACH (RULE 1:7-4):** The "Denied, Denied, Denied" orders of October, following the reasoned order of September 19th, represent a total abandonment of the court's duty to provide a legal basis for its rulings, effectively blocking the Plaintiff's **Right to Appeal.**
- **FRAUD UPON THE COURT:** A CIS filed with intentional omissions is a fraud upon the court. Defendant Barbato's refusal to sanction this fraud, after acknowledging it, proves his personal liability and bias.

## VERIFICATION AND CERTIFICATION

I, **ALBERT SEDGES**, certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under the laws of the State of New Jersey and the United States of America, including the penalties for perjury.

Pursuant to **28 U.S.C. § 1746**, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on:** January 26, 2026

**By:** *Albert Sedges, Plaintiff Pro Se*

The actions and rulings of Judge Barbato constitute a systematic and flagrant disregard for the fundamental rules governing judicial conduct and procedural justice, resulting in the following specific violations:

- **Violation of New Jersey Court Rule 1:7-4:** Direct failure to "find the facts and state its conclusions of law thereon," making the Order legally unintelligible.
- **Violation of the U.S. Constitution (14th Amendment):** Denial of **Procedural Due Process** by issuing rulings without reasoned judgment or an articulated legal basis.
- **Violation of Judicial Canon 3A(7):** Failure to dispose of all judicial matters "promptly and efficiently."
- **Violation of Judicial Canon 3A(1):** Failure to be "faithful to the law" by refusing to cite or apply governing precedents and rules.
- **Violation of Judicial Canon 3A(5):** Failure to maintain a standard of **diligence and competence** required of judicial office.
- **Violation of Doctrine of Stare Decisis:** Refusal to follow established legal precedent, resulting in arbitrary decision-making.
- **Structural Error:** The lack of findings frustrates the **Right to Meaningful Appellate Review**, fundamentally prejudicing the litigant.

---

# III. Constitutional Due Process Violations

The procedural failures outlined above collectively violate my fundamental rights under both the Federal and State Constitutions.

## A. Denial of Procedural Due Process

By failing to state the facts and law relied upon, the Court has denied my **Fourteenth Amendment right to procedural due process**. Due process requires a meaningful opportunity to be heard, which is nullified when the judicial action cannot be understood or challenged.

## B. Denial of Right to Meaningful Appellate Review

The legally deficient Orders effectively frustrate and deny my right to **meaningful appellate review**. The Orders constitute a **structural error** that fundamentally prejudices my legal rights.

---

# IV. Conclusion and Requested Remedial Action

The actions of Judge Barbato demonstrate a persistent pattern of **judicial laziness, procedural recklessness, and a fundamental failure to protect the litigant's rights**. Such conduct, if allowed to continue, profoundly damages public confidence in the integrity of the Judiciary.

I formally request that your offices take the following actions:

1. **ACJC Investigation:** The **Advisory Committee on Judicial Conduct** is requested to initiate an immediate investigation into the conduct of Judge Barbato concerning his disregard for mandatory Court Rules and judicial ethical standards.
2. **Administrative Review:** The **Chief Justice** and **Assignment Judge** are requested to conduct a substantive administrative review of Judge Barbato's adherence to **Rule 1:7-4** in this matter.
3. **Remedial Order:** That the Court **Order the Orders Vacated** or, at minimum, mandate that Judge Barbato immediately supplement the Orders with specific, comprehensive **Findings of Fact and Conclusions of Law** that actually address the legal and factual contentions presented in the case.

---

## V. Notice of Future Legal Action

**Please be advised that this Formal Judicial Complaint, along with the attached Exhibits (A-G), will be included as evidence in a forthcoming Federal Complaint concerning the systemic violations of my constitutional rights and the judicial officer's alleged lack of impartiality and capacity to rule according to law.**

This Complaint and Request for Review is being submitted concurrently through the **Judiciary Electronic Document Submission (JEDS)** system, and physically via **First Class U.S. Mail** to all named recipients.

Thank you for your immediate attention to this critical issue. I trust that the integrity and impartiality of the New Jersey Judiciary will be asserted by addressing this serious judicial deficiency.

Respectfully Submitted,

**[Your Signature]**

**Albert Sedges**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY (Used as an Attachment to Administrative Complaint)**

**FOR THE IMMEDIATE ATTENTION OF ASSIGNMENT JUDGE MINKOWITZ**

**VERIFICATION OF JUDICIAL MISCONDUCT AND FABRICATED RECORD (Ongoing Complaint Refiled for Supervisory Adjudication)**

**Plaintiff:** ALBERT SEDGES **Defendant:** JUDGE BARBATO, J.S.C. **Case No.:** 22-CV-17354 (Federal) **State Docket No.:** FM-14-00773-25 (Sedges v. Sedges - Divorce Matter)

I, Albert Sedges, hereby declare and verify under the penalties of perjury that the following statements documenting the continuous, willful misconduct of **Judge BARBATO** are true and accurate to the best of my knowledge and belief:

# I. USURPATION OF SUPERVISORY AUTHORITY (The Self-Adjudication Issue)

The Judge has acted in the **clear absence of all jurisdiction** by ruling on matters that fall outside of his judicial authority and usurp the role of the Assignment Judge and the Chief Justice, committing two separate acts of usurpation:

1. **Denial of Recusal Motion (Impartiality):** The Judge has refused to recuse himself and issued an Order ruling on his own impartiality and bias, an issue reserved for supervisory judicial review.

2. **Denial of Ethical Complaint (Misconduct):** The Judge issued a separate Order denying the direct ethical complaint filed against him. This act constitutes a **direct violation of Canon 3C(1)**, as a judge cannot rule upon his own alleged misconduct.

3. **Double Usurpation:** By ruling on both the recusal issue and the formal ethical complaint, the Judge has twice intentionally usurped the non-delegable supervisory authority of the Assignment Judge (or the Chief Justice), creating a severe ethical breach and judicial conflict of interest.

# II. WILLFUL MISSTATEMENT OF THE RECORD (The Out-of-Time Denial)

The Judge has issued rulings based on demonstrably false statements of the court record, specifically to prevent access to the judicial process:

1. **Fabricated Procedural Bar (Reconsideration):** The Court denied my Motion for Reconsideration, filed on October 26, 2025, as "**out of time.**" This denial is a willful misstatement of fact, as the Motion was filed the day immediately following the underlying Order (October 25, 2025), placing it undisputedly **within the 20-day limit** required by N.J. Court Rule 4:49-2.

2. **Referencing a Favorable Order:** The denial falsely references an Order from April 23, 2025, as the basis for the "out of time" ruling. That April Order was **in my favor**, and I had no legal standing or motivation to seek reconsideration from it. The Judge is intentionally misrepresenting my procedural history with the history of the Plaintiff to justify the denial.

# III. INVENTION OF THE RECORD ("GHOST DUPLICATE" DENIALS)

The Court has denied critical substantive motions by referring to non-existent, "duplicate" filings, thereby creating a fictional history to avoid the requirement for findings of fact and conclusions of law (N.J. Rule 1:7-4):

1. **Evidentiary Hearing Denial:** The Court denied my Motion for an Evidentiary Hearing as a **"duplicate"** of a motion previously denied. This is demonstrably false. I have never filed a Motion for an Evidentiary Hearing with the specificity of the present filing. The Judge is referencing a **"ghost duplicate"** somewhere in the Matrix to deny my constitutional right to resolve material facts.

2. ***Pendente Lite* Relief Denial:** My Motion for *Pendente Lite* Relief and Modification was also summarily denied as a **"duplicate**." This denial is an equal outrage and violation. The motion seeks new relief and modification based on current financial circumstances, yet the Court has invented a non-existent prior filing to evade its duty to rule on the merits.

3. **Lack of Specificity:** Across all seven orders that followed my motions, the Judge provided **zero specificity** regarding law, statutes, or precedent. All denials rely on boilerplate, conclusory, and often fabricated procedural bars, which violates the fundamental requirements of **N.J. Rule 1:7-4** (Duty to Find Facts and State Conclusions of Law).

## IV. CONCLUSION: CONTINUOUS DUE PROCESS DEPRIVATION & DEMAND FOR CORRECTION

This continuous pattern of misconduct, specifically the Judge's unchallenged practice of ruling on his own recusal and formal ethical complaint, represents a grave systemic failure in judicial assignment and oversight. This conduct falls outside the protection of judicial immunity and warrants immediate and decisive action.

**DEMAND FOR CORRECTION:** I demand that **Assignment Judge Minkowitz** immediately intervene, correct this error in assignment, and ensure that all future supervisory motions and complaints against Judge Barbato are adjudicated by the proper authority, thereby halting this pattern of usurpation.

Furthermore, I note that Assignment Judge Minkowitz has failed to act upon my original complaint of October 20, 2025, a continuous period of inaction which constitutes sitting on his hands. If immediate supervisory action is not taken to resolve this matter, I will be compelled to amend the existing federal lawsuit (Case No. 22-CV-17354) to include Assignment Judge Minkowitz as an additional defendant.

**I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and that I understand these statements are made subject to the penalties of perjury under law.**

**Dated:** December 7, 2025

**Albert Sedges**

## V. SERVICE NOTIFICATION AND CONTACT INFORMATION

- **Advisory Committee on Judicial Conduct (ACJC)**
  - **Address:** Richard J. Hughes Justice Complex, 25 Market Street, P.O. Box 037, Trenton, NJ 08625
- **Chief Justice Stuart Rabner**
  - **Address:** Richard J. Hughes Justice Complex, 25 Market Street, P.O. Box 037, Trenton, NJ 08625

(No subject)

From: sedges1@yahoo.com (sedges1@yahoo.com)

To: sedges1@yahoo.com

Date: Saturday, December 6, 2025 at 12:16 AM EST

**JEDS CORRESPONDENCE FILING – FINAL SUPPLEMENTAL CERTIFICATION**

**DATE:** December 5, 2025

**TO:** Clerk of the Court, Family Division Chambers of Judge Barbato

**FROM:** Albert Sedges (Pro Se Defendant) 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901

**RE: FINAL SUPPLEMENTAL CERTIFICATION REGARDING JUDICIAL RECUSAL DENIAL, VIOLATION OF CANON 3C(1), AND LACK OF JURISDICTION (Sedges v. Sedges, Docket No. FM-14-000773-25)**

I, Albert Sedges, hereby certify the following in response to the Court's denial of the Motion for Judicial Recusal:

1. This Certification addresses the Court's Order dated [Insert Date of Final Denial, e.g., December 7, 2025], which denies the Defendant's Motion for Judicial Recusal (filed October 31, 2025) on the basis that it is a "duplicate of defendants previous motion of October 20th, 2025."
2. The Court's ruling on this Recusal Motion constitutes a severe and cumulative violation of judicial ethics and procedure, rendering the Order null and void on its face.

## I. Willful and Compounded Violation of Judicial Ethics

The Court's action results in a double ethical breach:

- **Breach 1: Ruling on the Recusal:** The final disposition of a contested Motion for Recusal is a matter of administrative and supervisory oversight, properly belonging to the **Assignment Judge**. By ruling on the October 31, 2025 Recusal Motion, Judge Barbato has usurped the Assignment Judge's authority and acted as the judge in a matter concerning his own fitness to preside.

(935)

- **Breach 2: Self-Adjudication of the Complaint:** The Court compounds this error by using the denial of the prior **Administrative Complaint Against Judicial Conduct** (October 20, 2025)—which Judge Barbato also lacked the ethical authority to rule upon—as the legal predicate for denying the Recusal.

This action violates **New Jersey Canon of Judicial Conduct 3C(1)**: "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." The Court's persistent refusal to step away from a matter concerning its own conduct is conclusive evidence of a **willful and sustained conflict of interest.**

## II. Arbitrary Denial and Lack of Jurisdiction

The Order is legally deficient because:

- **Jurisdictional Flaw:** Judge Barbato lacked the ethical and administrative jurisdiction to issue an order denying the Recusal Motion.
- **Procedural Flaw (N.J. Rule 1:7-4):** The order fails to cite a single rule of law or precedent and substitutes arbitrary judgment for reasoned analysis, confirming the **Abuse of Discretion** demonstrated across all seven denials.
- **Due Process Deprivation:** This final denial confirms the Court's intent to obstruct the Defendant's rights by creating a self-referential cycle where the denial of an illegal order is used to deny the remedy against that illegal order.

The structure of the New Jersey Judiciary, which mandates checks and balances, has been unlawfully bypassed by the Court's attempt to rule on matters concerning its own conduct.

**WHEREFORE**, the Defendant demands that the Court immediately **VACATE** the Order denying the Judicial Recusal, acknowledge its clear lack of jurisdiction due to the **Canon 3C(1)** violation, and remit the entire file directly to **Assignment Judge Stuart A. Minkowitz** for immediate intervention and reassignment.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Albert Sedges Pro Se Defendant

**FILED**

FEB 27 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address 201 SOUTH RODGERS RD.HOT SPRINGS AR. 71901 BLDG 1 APT 130

Daytime Phone 8626836327 ext. N/A Cell Phone ______

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ☒ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ January 29, 2026, on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): COMPLAINT AGAINST JUDGE BARBATO COMPLAINT III

filed by ☐ plaintiff / ■ defendant and ______
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this February 27, 2026 ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)
   a. ______
   b. ______

c. ____________________
d. ____________________
(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).
Denied. Relief requested was denied several times before this motion, which was filed in duplicate on 1/29/26.

2. The Morris County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- N/A, required by this order and reissue, if necessary, any income withholding orders.

Martin F. Barbato
Martin F. Barbato, J.S.C.

ADJUDICATING
USURPING HIS OWN COMPLAINT
"DUPLICATE" OF WHAT WHERE IS IT

**LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Rule of Law:** Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's Procedural Due Process and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his Right to Appellate Review. *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ALBERT N. SEDGES,**
Plaintiff,

v.

**MARTIN BARBATO,**
Defendant.

4 of 5

**Case No.: 2:25-cv-17354-ES-CLW** RECUSAL BLOCK-3

## SUPPLEMENTAL CERTIFICATION OF ALBERT N. SEDGES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR JUDICIAL IMMUNITY

### (MOTION FOR RECUSAL: ADJUDICATING HIS OWN DISQUALIFICATION)

**I, ALBERT N. SEDGES, certify the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:**

1. I submit this Supplemental Certification in opposition to the Defendant's Motion to Dismiss for Judicial Immunity. This document provides physical proof of the Defendant's extra-judicial conduct in summarily denying a Motion for Recusal without a statement of reasons, thereby acting as the sole judge of his own impartiality.
2. **ADJUDICATING HIS OWN DISQUALIFICATION:** As shown in the attached records, I filed a Motion for Recusal based on the Defendant's documented bias and administrative obstruction. The Defendant personally adjudicated this motion. Under *In re Murchison*, 349 U.S. 133, a judge is disqualified from acting when they have a personal interest in the outcome. By ruling on his own fitness to remain on the case, the Defendant committed a per se violation of Due Process.
3. **FRAUDULENT "DUPLICATE FILING" LABEL:** The Defendant denied the motion by labeling it a "duplicate of defendant's previous motion." This is a material misstatement of the record used to avoid addressing the specific evidence of bias presented in the current filing. This label was a tactical maneuver intended to bypass the mandatory requirement of a factual review.
4. **FAILURE TO PROVIDE A STATEMENT OF REASONS:** The Defendant issued this denial without findings of fact or conclusions of law. The United States Supreme Court has held that a "meaningful" opportunity to be heard requires a stated reason for judicial decisions. By providing zero legal analysis, the Defendant has rendered this decision unreviewable, effectively sabotaging my constitutional right to appellate review (*Armstrong v. Manzo*, 380 U.S. 545).
5. **USURPATION OF APPELLATE FUNCTION:** By summarily labeling the motion as a "duplicate" and refusing to create a record, the Defendant has usurped the role of the Appellate Division. He has effectively granted himself "absolute" authority to decide if he is biased, removing the "checks and balances" required by the 14th Amendment.
6. **NON-JUDICIAL ADMINISTRATIVE BLOCKADE:** These actions—the labeling of motions as "duplicates" and the refusal to state reasons—are administrative tactics of obstruction, not judicial acts of adjudication. Consequently, they fall outside the scope of judicial immunity.

## SUMMARY OF AUTHORITIES: WHY THE IMMUNITY SHIELD IS BROKEN

**I. IN RE MURCHISON, 349 U.S. 133**
Legal Principle: A judge is disqualified from acting when they have a personal interest.

Application: A judge cannot sit in judgment of a motion to recuse himself where specific allegations of his own misconduct are at issue.

**II. ARMSTRONG V. MANZO, 380 U.S. 545**
Legal Principle: Due Process requires a "meaningful" opportunity to be heard.
Application: Denying a recusal motion as a "duplicate" without a statement of reasons is a "sham" process that denies fundamental rights.

**III. FORRESTER V. WHITE, 484 U.S. 219**
Legal Principle: Immunity does not attach to administrative acts.
Application: The summary management of the court calendar and the "duplicate" labeling of filings are administrative functions.

**IV. N.J. COURT RULE 1:7-4**
Legal Principle: The court "shall" find the facts and state its conclusions of law.
Application: The Defendant's refusal to provide a reason for his refusal to recuse proves his action was a blockade, not a judicial ruling.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Dated: March 16, 2026**

**ALBERT N. SEDGES**
*Plaintiff Pro Se*

**NOTICE OF SERVICE**

**A copy of this Supplemental Certification and all attachments has been sent via U.S. Mail to:**

**Office of the Attorney General**
RJ Hughes Justice Complex
P.O. Box 080
Trenton, NJ 08625

**NOTICE**: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status information.

**Form A - Notice of Motion**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT N. SEDGES

NJ Attorney ID Number N/A

Address ~~201 SOUTH RODGERS RD. HOT SPRINGS AR. 71960 BLDG I APT 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ______

Email Address SEDGES1@YAHOO .COM

Your Name ALBERT N. SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Notice of Motion**
(See Below)

TO: (Other party's lawyer or Other Party)
JOHN P. DELL'ITALIA 18 TONY GALENTO PLAZA ORANGE N.J. 07050

(County Probation Division)
N/A

PLEASE TAKE NOTICE that on Friday, ______, at 9:00 a.m., or as soon after that as the matter may be heard, ALBERT N. SEDGES, the (check one) ☐ plaintiff / ■ defendant will apply to whichever judge is hearing matters in the Superior Court, Chancery Division - Family Part, Morris County, at the Morris County Courthouse MORRISTOWN, New Jersey for an order to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): JUDICIAL RECUSIAL JUDGE BARBATO

(Type or print what you are asking the court to do. Attach additional sheets of 8.5" x 11" white paper, if necessary.)

1. The Defendant, ALBERT N. SEDGES, respectfully moves this Court to grant the within Motion for Recusal of the Presiding Judge, the Honorable Barbato, pursuant to N.J. Ct. R. 1:12-1(f). Subsequently, the Court must immediately assign this matter to a new, impartial Judge to ensure the protection of the Defendant's due process rights and the timely resolutio

2. resolution of this case.

3.

4.

5. Require the Morris County Probation Division to adjust its records in accordance with this order for Child Support account CS- N/A, and reissue any orders of income withholding if necessary;

6. Or such other relief as the Court may deem equitable and just.

7. I (check one) ■ do / ☐ do not want oral argument.

s/ [signature] Date: 10/31/2025
(Signature)
(check one) ☐ Plaintiff ■ Defendant

| | | | |
|---|---|---|---|
| If you requested oral argument do you need to request: | | | |
| An interpreter | ☐ Yes ☐ No | Language: | |
| A disability accommodation | ☐ Yes ☐ No | Accommodation: | |



(942)

**Form B – Certification in Support of a Motion**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT N. SEDGES

NJ Attorney ID Number N/A

Address ~~201 SOUTH RODGERS RD. HOT SPRINGS AR. 71960 BLDG I APT 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone

Email Address SEDGES1@YAHOO .COM

Your Name ALBERT N. SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County MORRIS
Docket Number FM-14-000773-25

**Civil Action**

**Certification in Support of a Motion**

(See Below)

I, ALBERT N. SEDGES, of full age, hereby certify:

1. I am the (check one) ☐ plaintiff / ■ defendant in this matter and I am filing this Certification in support of my Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify): JUDICIAL RECUSIAL JUDGE BARBATO

2. Explanation of facts: (Attach additional sheets of 8.5" x 11" white paper, if necessary.)
   a. Recusal is sought under N.J. Ct. R. 1:12-1(f) due to a cumulative pattern of prejudicial conduct that compromises the appearance of impartiality. This pattern includes the Judge's denial of the Defendant's due process rights, persistent errors o
   b. persistent errors of law (ignoring evidence of commingling and the Unclean Hands Doctrine), and failure to complete mandatory procedural steps, demanding the assignment of a new, impartial jurist.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**
Name ALBERT N. SEDGES
NJ Attorney ID Number N/A
Address ~~201 SOUTH RODGERS RD. HOT SPRINGS AR. 71960 BLDG I APT 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ____________
Email Address SEDGES1@YAHOO .COM
Your Name ALBERT N. SEDGES
(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on Friday, ____________________, on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): JUDICIAL RECUSIAL JUDGE BARBATO

filed by ☐ plaintiff / ■ defendant and ______________________________
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ______________________ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☐ denied the following relief(s): (See step 5 on page 10)
   a. ______________________________
   b. ______________________________



(944)

## Form D- Certification of Filing and Service

I hereby certify that the original of the attached Notice of Motion, the original of the attached supporting Certification, and the original and two copies of the Proposed Order are being filed with the Clerk of the Superior Court at the Morris Family Division Manager's Office.

In addition, I certify that I served a copy of this motion (check one)

☐ personally, on the person(s) or attorney(s) listed below.

☐ Notarized acknowledgement of service signed by the other party attached (Form H). (Required if checking the box above.)

☐ by process server, courier service or by an adult neutral third party, on the person(s) or attorney(s) listed below.

☐ Affidavit/Acknowledgement of service attached. (Required if checking the box above.)

■ by mailing it on this date to the person(s) or attorney(s) listed below by **BOTH** regular and certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

| | |
|---|---|
| JOHN P. DELL'ITALIA | |
| (Name) | (Name) |
| 9589071052702736026108 | |
| (Certified Mail Number) | (Certified Mail Number) |
| 18 TONY GALENTO PLAZA | |
| (Address) | (Address) |
| ORANGE N.J. 070550 | |
| (City, State & Zip Code) | (City, State & Zip Code) |
| | |
| (Name) | (Name) |
| (Certified Mail Number) | (Certified Mail Number) |
| (Address) | (Address) |
| (City, State & Zip Code) | (City, State & Zip Code) |

s/ [signature]

(Signature)

Date: 10/31/2025

ALBERT N. SEDGES

(Type or print your name)

(check one) ☐ Plaintiff ■ Defendant

SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION – FAMILY PART MORRIS COUNTY

DOCKET NO. FM-14-000773-25 Civil Action CAROL SEDGES, Plaintiff, vs. ALBERT SEDGES, Defendant.

**SUPPLEMENTAL CERTIFICATION IN SUPPORT OF DEFENDANT'S MOTION FOR RECUSAL To be heard on December 5, 2025**

**TO THE CLERK OF THE COURT: Please attach this Supplemental Certification immediately to the original Motion for Recusal (Docket No. FM-14-000773-25), which was filed electronically via JEDS on October 31, 2025.**

I, ALBERT SEDGES, certify that the following statements are true and correct to the best of my personal knowledge, in further support of the pending Motion for Recusal of the Honorable Judge BARBATO.

I. Introduction and Purpose

1. This Supplemental Certification is submitted to the Court, pursuant to the New Jersey Rules of Court, to provide additional, compelling grounds for the recusal of the Honorable Judge BARBATO. This supplement asserts that the Judge's actions constitute a profound deprivation of my federal statutory and constitutional rights under the color of law, which mandates recusal.

II. Factual Basis for Deprivation of Federally Protected Funds

2. The deprivation of my rights arises directly from the judicial orders issued by the Court in this matrimonial matter (Docket No. FM-14-000773-25) that attach, levy, or otherwise restrict funds derived solely from my federal Social Security Disability benefits.
3. Specifically, the Court entered Orders or directives on the following dates that targeted and unlawfully attached these protected funds: April 23, 2025, September 12, 2025, and September 19, 2025. These funds are unequivocally Social Security Disability income.

III. Violation of Federal Law and Constitutional Rights

4. Violation of Federal Anti-Attachment Law (42 U.S.C. § 407): The Orders noted above are in direct and unequivocal contravention of **42 U.S.C. § 407** (the Federal Shield Law), which mandates that Social Security benefits are not "subject to execution, levy, attachment, garnishment, or other legal process." This prohibition binds State Courts.
5. Violation of Supremacy Clause and Due Process: The disregard for this mandatory federal law violates the **Supremacy Clause** of the United States Constitution (Article VI, Clause 2). Furthermore, the seizure of federally protected funds without legal authority constitutes a deprivation of property without due process of law, violating the **Fourteenth Amendment** of the U.S. Constitution and the **New Jersey State Constitution**.
6. Deprivation of Rights Under Color of Law (42 U.S.C. § 1983): By issuing orders that contradict established federal statute, the Judge has allegedly acted "under color of law" to deprive me of my federal statutory right to receive and retain these protected benefits, potentially raising a claim under **42 U.S.C. § 1983**.

IV. Violation of Judicial Canons and Mandatory Recusal

7. The Judge's failure to recognize and apply mandatory federal law (42 U.S.C. § 407) that governs my primary means of support demonstrates a serious judicial impropriety and an inability to preside over this matter impartially and legally.

(946)

8. This disregard for binding federal statute constitutes a clear basis for recusal pursuant to **New Jersey Court Rule 1:12-1(g)**, which requires disqualification "when there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so."
9. This conduct violates **Canon 3** of the New Jersey Code of Judicial Conduct, which requires a judge to be faithful to the law. The sustained action of attaching federally protected funds creates a compelling appearance of impropriety and bias.
10. For these reasons, the Judge must be recused from presiding over the remainder of this matrimonial matter (Docket No. FM-14-000773-25).

V. Relevant Legal Authorities and Definitions

11. **Federal Preemption:** The law governing Social Security Disability Benefits is entirely federal, and the Federal Shield Law (42 U.S.C. § 407) operates under the **Supremacy Clause** to **preempt** or override any conflicting state law or state court order. The attachment of these funds by a state court is therefore legally invalid.
12. **Void ab initio (Void from the beginning):** This Latin term applies to the judicial orders issued on April 23, 2025, September 12, 2025, and September 19, 2025. Because the court lacked the legal authority (due to federal preemption) to attach Social Security Disability Benefits, the orders, to the extent they relate to those funds, are **Void ab initio.**
13. **Ultra Vires (Beyond the powers):** This Latin term describes the Judge's actions. The court's order attaching federally protected funds was **Ultra Vires** because the act was beyond the scope of judicial power permissible under federal law.
14. **Federal Shield Law (42 U.S.C. § 407):** The full, mandatory language of the statute prohibiting the attachment of these funds is as follows:

**42 U.S.C. § 407(a) In general** The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

**42 U.S.C. § 407(b) No disqualification from benefits by reason of assignment** The provisions of subsection (a) of this section shall not be construed to limit the effect thereof by reason of any assignment which is, or may become, inoperative under this section.

**42 U.S.C. § 407(c) Application to payments by Veterans Affairs** The provisions of this section shall apply with respect to money held in the hands of a beneficiary, including, but not limited to, deposit in any financial institution.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ALBERT SEDGES (Signature)

ALBERT SEDGES 201 South Rogers Road Hot Springs, Arkansas 71901 Phone: 862-683-6327
Email: sedges1@yahoo.com

Dated: [Today's Date, e.g., November 12, 2025]

CERTIFICATE OF SERVICE

(1947)

**SUPERIOR COURT OF NEW JERSEY**

**CHANCERY DIVISION: FAMILY PART**

**MORRIS COUNTY**

**10 Court Street, Morristown, New Jersey 07960**

**DOCKET NO. FM-14-000773-25**

CAROL SEDGES,

Plaintiff,

v.

ALBERT N. SEDGES,

Defendant.

## CERTIFICATION IN SUPPORT OF MOTION FOR JUDICIAL RECUSAL (R. 1:12-1(f))

I, ALBERT N. SEDGES, Defendant, certify as follows:

### I. Identity, Procedural History, and Required Relief (N.J. Ct. R. 1:12-1(f))

1. I am the Defendant in this divorce matter and submit this Certification in support of my Motion for Recusal of the Presiding Judge, the Honorable **Barbato**, pursuant to *N.J. Ct. R.* **1:12-1(f)** (Recusal for inability to ensure a fair and unbiased hearing) and **Canon 3** of the *Code of Judicial Conduct* (Impartiality and Diligence).
2. The core issue of this matter—the equitable distribution of assets—has been hopelessly stalled due to the Judge's failure to engage with key facts, resulting in significant procedural prejudice against the Defendant.
3. The following facts demonstrate that the Judge has engaged in conduct and made rulings that compromise the appearance of impartiality and objectivity, thus requiring immediate recusal.

### II. Judicial Misconduct and Denial of Due Process (U.S. Const. Amend. XIV; N.J. Code Jud. Conduct Canon 3)

4. The Judge's conduct has created a hostile environment where the Defendant has been explicitly denied the right to speak or present relevant evidence.

5. On the record on **September 12, 2025**, while the Defendant was attempting to present necessary context for his testimony, the Judge stated the instruction: "**Mr. Sedges, it's either yes or no; don't give me an explanation.**" This statement effectively denied the Defendant the ability to provide a meaningful evidentiary record, violating U.S. Const. **Amend. XIV (Due Process)** and the requirement under ***N.J. Ct. R.* 1:7-4** (Duty to make findings).
6. The Judge has repeatedly demonstrated a disregard for the principles of judicial neutrality through constant interruption and dismissal of the Defendant's factual contentions.
7. The Judge's actions constitute a de facto denial of due process, as the Defendant has been barred from developing an evidentiary record necessary for a fair adjudication.

**III. Incompetent Failure of Judicial Inquiry: The Transmutation Scandal (N.J.S.A. 2A:34-23; Marital Fiduciary Duty)**

8. This finding ignores multiple certifications by the Defendant proving the **marital vehicle** was used consistently by the Defendant throughout the marriage to perform his work as a **Part-Time Driver**, a profession verified by **Federal Tax Returns**. These multiple certifications also contained the detailed argument for **transmutation of the marital bank account (N.J. Ct. R. 1:12-1(f))**.
9. The marital bank account was operated as the **marital financial hub** throughout the entire 22-year marriage, leading to its **transmutation** into a marital asset. During the marriage, this account was the repository for all marital and individual income, including: **Anchor Program Refunds, Federal Stimulus Checks**, deposits from **both parties' checks, pension checks**, and served as the operational account for the marital business, **P E L L Systems**, which is a **County-Registered and Notarized** entity, evidence of which was **repeatedly submitted to the Court** (N.J.S.A. 2A:34-23).
10. The Judge's repeated refusal to recognize this transmutation, despite the **numerous and highly consistent supplemental certifications** filed by the Defendant (pro se) is arbitrary and violates the intent of **N.J.S.A. 2A:34-23** (Equitable Distribution).
11. **The entire, unnecessary, year-long dispute over the bank account's status could have been resolved immediately with a basic exercise of judicial common sense.** To resolve the entire transmutation dispute, the Judge needed only to perform an **elementary judicial inquiry** by asking two simple questions of the Plaintiff:
    - "**Mrs. Sedges, where did the Federal Tax Refund checks go that both parties are entitled to?**"
    - "**Mrs. Sedges, where does your pension go that your husband is entitled to?**"

    The Judge's **incompetent** failure to execute this line of inquiry, which a **first-year law student would recognize as mandatory**, demonstrates an intellectual abdication of judicial duty (**N.J. Ct. R. 1:7-4**). This failure ensures the case remains stalled and is a fundamental proof of his inability to be fair.
12. The Judge has failed to compel the Plaintiff to meet the necessary evidentiary standard for maintaining separate property status. Had the Plaintiff been forced to answer the questions in

Paragraph 11 truthfully, her entire legal standing—that the bank account is separate and that she used those separate funds (including the **Death Benefit of Son** and **SSDI lump sum**) to purchase the marital vehicle—would have been **destroyed on the record**. The Judge's failure to act on this simple basis violates her **Marital Fiduciary Duty** and the Court's duty to establish facts under ***N.J. Ct. R.*** **1:7-4**.

13. **The Judge violated his judicial duty by failing to order the Plaintiff to produce any documentation of segregation** for the bank account over the 22-year marriage. The Plaintiff's claimed reliance on a prenuptial agreement **cannot supersede her Marital Fiduciary Duty** to keep separate property truly separate in the face of documented commingling **(N.J. Ct. R. 5:5-1(a))**. The Judge's refusal to demand this necessary proof demonstrates a prejudicial acceptance of the Plaintiff's unsupported claims.

14. This is especially egregious given the fact that **Federal Tax Refunds** for the years **2020, 2021, 2022, and 2023**—totaling thousands of dollars and signed under penalty of perjury—were **deposited directly into this same marital hub account**. This concrete evidence of **commingling** legally supports the Defendant's claim of transmutation, yet the Judge has failed to acknowledge it.

15. The Judge's failure to correctly address the **Social Security Disability Income (SSDI)** lump sum distribution and the **Death Benefit of the Plaintiff's Son**, both of which were received **DURING the marriage** and **deposited directly into the marital hub account** (as detailed in Paragraph 9), is a **fundamental error of law**. This commingling confirms the transmutation of the entire account, yet the Judge's failure to recognize the account's marital status allows the Plaintiff to falsely claim she used these specific, separate funds to purchase the marital vehicle. This legal error further demonstrates the Judge's prejudice toward the Plaintiff's position and against the Defendant's equitable distribution claims **(N.J.S.A. 2A:34-23)**.

## IV. JUDICIAL DISREGARD FOR THE UNCLEAN HANDS DOCTRINE AND STATUS QUO VIOLATION

16. The Judge has willfully ignored the fundamental equitable principle of the **Unclean Hands Doctrine**, which mandates that a party who seeks relief from the court must have acted equitably themselves **(Unclean Hands Doctrine)**.

17. The Plaintiff now seeks relief from this Court by claiming the Defendant is failing to pay the marital mortgage. This financial distress, however, was **directly and proximately caused by the Plaintiff's own egregious misconduct** when she **unilaterally stripped the Defendant of the marital vehicle**—the very asset required for his verifiable, income-producing employment **(Marital Fiduciary Duty)**.

18. Under the **Unclean Hands Doctrine**, the Plaintiff cannot invoke the Court's aid to cure a financial harm that she, as the wrongdoer, deliberately manufactured. The Judge's failure to apply this core doctrine by entertaining her request for relief and enforcing payments against the Defendant is a systemic failure of equity.

19. Crucially, the Judge cannot claim ignorance regarding this violation of the status quo or the commingling arguments (Paragraph 9). The Defendant's original **Opposition Motion, filed on April**

**23, 2025**, explicitly detailed these facts, and they have been **reinforced in every subsequent supplemental certification. The Judge's willful and consistent failure to engage with these multiple filed certifications demonstrates an explicit refusal to consider the Plaintiff's wrongdoing (N.J. Ct. R. 1:12-1(f)).**

20. Despite possessing irrefutable knowledge of the Plaintiff's egregious violation of the status quo and her unclean hands, the Judge has consistently, through subsequent orders, **held the Defendant fully responsible for paying the marital mortgage**, without providing him the means (the vehicle) to generate income or the equitable relief to be relieved of this obligation.

21. This enforcement of an impossible and inequitable financial burden on the Defendant while ignoring the Plaintiff's demonstrated misconduct creates an arbitrary and punishing disparity, violating the spirit of equitable distribution and rendering the Judge unfit to preside over this matter. The Judge's orders formally denying the Defendant's request to be relieved of the mortgage payment duty solidify his prejudice.

**V. Improper Denial of Marital Vehicle and Jewelry; Violation of *Pendente Lite* Duty (N.J. Ct. R. 5:3-5; N.J. Code Jud. Conduct Canon 2)**

22. The Judge's failure to resolve the vehicle issue began at the very first pendente lite hearing on **April 23, 2025**. The Judge was made fully aware of all core facts: the **tremendous disparity in the parties' income** (Defendant is a Social Security Disability recipient), and the crucial need to use the marital vehicle to **supplement his income**. The Judge's failure to grant appropriate relief on this date constitutes a clear violation of the **spirit and purpose of the *pendente lite* rules (*N.J. Ct. R.* 5:3-5)**, which requires protection of the financially vulnerable spouse. The failure to act despite the acknowledged disparity established the foundation for the Judge's subsequent erratic and prejudicial actions, which constitute the "**fruit of the poisonous tree (N.J. Code Jud. Conduct Canon 2).**

23. The Judge has engaged in **indecisive and torturous conduct** by repeatedly **granting the Defendant access to the vehicle only to revoke it later**. This "giving it and taking it away" demonstrates a complete inability to make a simple, definitive decision, forcing the Defendant to endure prolonged uncertainty and hardship, a pattern of behavior that is disqualifying **(N.J. Code Jud. Conduct Canon 3).**

24. **This indecisive conduct has wasted valuable private and public resources.** This is a divorce between **two senior citizens** with a **single family home and no children**. This simple case could have been fully resolved in the very first hearing on April 23, 2025. Instead, the Judge's erratic actions and constant flip-flopping have forced five subsequent hearings and endless motion filings, needlessly dragging the case on for almost a year and wasting court time.

25. During the **October 8, 2025** hearing, the Judge entered into an irrelevant and adversarial line of questioning regarding the Defendant's current (2024/2025) income status, directly tying the lack of current income to the **eventual denial** of the marital vehicle.

26. Critically, immediately prior to this adversarial questioning on **October 8, 2025**, the Judge explicitly stated on the record to the Plaintiff: "**Mrs. Sedges, I don't find you credible that Mr.**

**Sedges never used a vehicle for the entire part of your marriage."** This ruling created an immediate and fundamental contradiction: the Judge **rejected the Plaintiff's claim** that the Defendant never used the vehicle (supporting the Defendant's position), yet immediately turned and used the Defendant's *current* unemployment (lack of need) to justify the denial of the very asset required for the job he demonstrably held **(N.J. Ct. R. 1:7-4)**. This demonstrates a willingness to adopt a biased position regardless of the evidence or findings.

27. During the **October 8, 2025** hearing, the Judge further made the highly prejudicial and inappropriate statement on the record, **"Okay, so you underreported,"** inserting the Court into a tax matter that is entirely irrelevant to the core issues of custody and equitable distribution **(N.J. Code Jud. Conduct Canon 2)**.

28. This line of inquiry not only constitutes a **violation of judicial neutrality** but directly contradicts the **official 2020-2023 tax returns** that clearly list the Defendant's occupation as **"Driver/Part-Time Worker"**. The Judge used the Defendant's current unemployment (while the Plaintiff is retired) as the basis to deny him the asset required for the job he demonstrably held during the marriage.

29. The Judge's final decision to **deny the Defendant the marital vehicle** is a profound contradiction that demonstrates a lack of impartiality. Despite the Judge's explicit finding that he **did not find the Plaintiff credible** regarding the Defendant's use of the vehicle, the Judge still ruled to deny the Defendant access to it. This action reveals a willingness to rule against the Defendant even when the Judge's own words discredit the Plaintiff's position.

30. On **October 8, 2025**, the Judge committed another clear error of law and demonstrated explicit prejudice against the Defendant's equitable distribution rights by categorically denying the Defendant any interest in the significant marital jewelry assets. The Judge stated on the record: **"Mr. Sedges, these are gifts that you gave your wife. You're not entitled to them."** This ruling completely fails to distinguish between the **gifting of jewelry** and the **equitable distribution of marital assets**, misstating the law and **improperly declaring the assets as separate property** without proper analysis or an evidentiary hearing, in violation of **N.J.S.A. 2A:34-23** and **Canon 3** of the *Code of Judicial Conduct*.

**VI. Procedural Failure and Abdication of Judicial Duty (Case Management Conference) (N.J. Ct. R. 5:5-7)**

31. The Judge committed a **tremendous blunder** and a gross abdication of judicial responsibility by failing to properly execute the mandatory Case Management Conference **(CMC), which the Court itself officially labeled the October 8, 2025, proceeding.**

32. The CMC was improperly utilized and "hijacked" as a **springboard** for the Plaintiff's second request for reconsideration, rather than addressing its core procedural purpose.

33. The proper function of the CMC is to address essential discovery matters, including **interrogatories, subpoenas, depositions, and documents**, and to set a clear Case Management Order (CMO) with **hard dates** for the resolution of this divorce, as mandated by ***N.J. Ct. R.*** 5:5-7.

- **Willful Ignorance & Punitive Enforcement (Unclean Hands):** The Judge **consistently ignores the Defendant's multiple supplemental certifications** detailing the Plaintiff's violations. Despite knowing the Plaintiff caused the financial disaster by stripping the vehicle, the Judge grants her relief by enforcing the mortgage payment against the Defendant, constituting a direct, punitive rejection of the **Unclean Hands Doctrine (N.J. Ct. R. 1:12-1(f))** (see **Paragraphs 16-21**).
- **Error of Law & Explicit Prejudice (Jewelry Gifting):** The Judge committed a clear error of law on **October 8, 2025**, by ruling *sua sponte* that marital jewelry assets were non-distributable gifts the Defendant gave the Plaintiff, stating: "**Mr. Sedges, these are gifts that you gave your wife. You're not entitled to them.**" This ruling improperly declared marital assets as separate property, violating **N.J.S.A. 2A:34-23** and demonstrating explicit prejudice against the Defendant's equitable distribution claims (see **Paragraph 30**).
- **Gross Abdication of Judicial Duty (The Arbitrator):** The Judge issued an outrage by granting the Plaintiff an **Order on October 8, 2025**, that made her the sole Arbitrator and Fact-Finder for marital assets, eliminating neutral oversight and violating **Canon 2 & 3** (*Code of Judicial Conduct*) (see generally **Section VI**).
- **Hostile Courtroom/Denial of Due Process:** The Judge repeatedly **denied the Defendant the right to speak** on the record on **September 12, 2025** ("don't give me an explanation," Paragraph 5) and subjected the Defendant to **irrelevant and hostile interrogation** (Paragraphs 25-27), violating **U.S. Const. Amend. XIV** and *N.J. Ct. R.* 1:7-4.
- **Incompetent Failure of Judicial Inquiry:** The Judge committed a **dereliction of judicial common sense** by failing to ask two simple, mandatory questions (see **Paragraph 11**) that would have immediately **destroyed the Plaintiff's claim of separate property status** for the marital bank account, needlessly stalling the entire case for nearly a year (**N.J. Ct. R. 1:7-4**).
- **Contradictory Credibility Standard & Unfair Burden:** The Judge explicitly stated on the record on **October 8, 2025**: "**Mrs. Sedges, I don't find you credible that Mr. Sedges never used a vehicle for the entire part of your marriage,**" yet immediately imposed an unreasonable and unfair burden on the Defendant to "**prove he worked in 2024**" to justify the denial of the vehicle (**N.J. Ct. R. 1:7-4**).
- **Legal Error (Transmutation & Failure of Due Diligence):** The Judge has repeatedly **flip-flopped and failed to apply the law of transmutation** to the commingled SSDI, Death Benefit, and Federal Tax Refunds, and has further committed an egregious error by **failing to challenge the Plaintiff's separate property claim** or compel any form of due diligence to verify it, violating **Marital Fiduciary Duty** and **N.J.S.A. 2A:34-23**.
- **Violation of *Pendente Lite* Duty/Poisonous Tree:** On **April 23, 2025**, the Judge failed to protect the financially vulnerable spouse (the SSDI recipient) by denying appropriate temporary relief, violating the **spirit and purpose of** *N.J. Ct. R.* 5:3-5 and establishing the foundation for all subsequent prejudicial rulings (**N.J. Code Jud. Conduct Canon 2**).
- **Procedural Failure:** The Judge committed a **gross abdication of duty** by failing to properly execute the mandatory Case Management Conference (CMC) on **October 8, 2025**, and failing to

34. The Judge completely abdicated his responsibility by failing to issue a CMO, resulting in the case proceeding into December 2025 without a structured procedural timeline.

35. This **gross violation** of the CMC purpose and the failure to create a necessary CMO severely prejudices the Defendant's right to an orderly, efficient, and timely resolution **(N.J. Ct. R. 5:5-7)**.

**VII. Legal Standard for Recusal (R. 1:12-1(f); State v. Kettles)**

36. ***N.J. Ct. R.* 1:12-1(f)** requires a judge to recuse himself whenever "there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so."

37. The New Jersey Supreme Court has established that the standard for recusal is whether a reasonable, fully informed person would harbor doubts about the judge's impartiality (*State v. Kettles*).

38. The Judge's repeated and demonstrable **failure to acknowledge the facts contained within the Defendant's numerous filings**—specifically concerning commingling and the **Unclean Hands Doctrine**—creates an irrefutable appearance of partiality. The Judge is effectively **blind and deaf** to the facts supporting the Defendant's position, leading to an inherently unfair process **(N.J. Ct. R. 1:12-1(f))**.

39. The cumulative effect of the Judge's errors of law (SSDI/Death Benefit commingling, transmutation, **Unclean Hands Doctrine**), procedural hostility (denial of speech, irrelevant and prejudicial questioning), **systemic failure to manage the case (CMC/CMO failure)**, and demonstrated factual ignorance (ignoring tax documents) would lead any reasonable litigant to conclude that they cannot receive a fair and unbiased hearing.

40. The only appropriate remedy to protect the integrity of the proceedings and the Defendant's due process rights is the immediate recusal of the Presiding Judge.

**VIII. CONCLUSION: CUMULATIVE PREJUDICE AND THE OUTRAGE REQUIRING RECUSAL**

This motion is not predicated on a single judicial misstep or an isolated error of law. It is predicated on a **systemic and deeply entrenched pattern of prejudicial conduct** that has stripped the Defendant of his right to a fair and impartial forum, effectively denying him due process under **U.S. Const. Amend. XIV**. The cumulative effect of these violations creates an **intolerable outrage** that cannot be reconciled with the standards of judicial integrity required by the **New Jersey Code of Judicial Conduct** and the **Rules of Court**. The Presiding Judge must recuse himself immediately.

The cumulative record reveals a catastrophic sequence of legal and procedural violations, demanding the Court's immediate intervention. These critical breaches of the Rule of Law include:

- **Failure to Compel Segregation Evidence (Fiduciary Duty)**: The Judge violated his judicial duty by failing to order the Plaintiff to produce any evidence of bank account segregation over 22 years of marriage, allowing her to rely improperly on a prenuptial agreement that **cannot supersede her Marital Fiduciary Duty** to maintain separateness amidst documented commingling **(N.J. Ct. R. 5:5-1(a))** (see **Paragraphs 12-13**).

(954)

issue the necessary Case Management Order (CMO), violating *N.J. Ct. R.* 5:5-7.

The documented record compels one conclusion: a reasonable, fully informed person would harbor profound doubts about the Judge's impartiality. The Court must act decisively to protect the integrity of the proceedings by granting this Motion for Recusal.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: **October 8, 2025**

/s/ Albert N. Sedges **ALBERT N. SEDGES Defendant, Pro Se**

## CERTIFICATE OF SERVICE

I, **ALBERT N. SEDGES**, hereby certify that on **October 8, 2025**, a copy of the within **CERTIFICATION IN SUPPORT OF MOTION FOR JUDICIAL RECUSAL** was served upon opposing counsel at the address listed below by the following methods:

1. **Electronic Service** (via JED System)
2. **Email**
3. **Certified Mail, Return Receipt Requested**

- FIRST CLASS US MAIL

JOHN P. DELL'ITALIA
19 TONY GALENTO PLAZA
ORANGE NJ 07050

ALBERT N SEDGES PRO SE

9589 0710 5270 2736 0261 08

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 2736 0261 08

9589 0710 5270 2736 0261 08

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®

Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
Postage
Total Postage and Fees
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
Postmark Here

PS Form 3800, January 2023 — See Reverse for Instructions

(955)

Ex

**FILED**

DEC 05 2025

Martin F. Barbato, J.S.C.

RECUSAL COMPLAINT

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**
Name ALBERT N. SEDGES
NJ Attorney ID Number N/A
Address 201 SOUTH RODGERS RD. HOT SPRINGS AR. 71960 BLDG I APT 130
Daytime Phone 8626836327 ext. N/A Cell Phone ______
Email Address SEDGES1@YAHOO .COM
Your Name ALBERT N. SEDGES
(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on Friday, November 1, 2025, on a Notice of Motion to:

- ☐ Continuation/Termination of Child Support
- ☐ Increase/Decrease Child Support payments
- ☐ Increase/Decrease Alimony payments
- ☐ Change Custody arrangements
- ☐ Change Visitation arrangements
- ☐ Motion for Reconsideration
- ☐ Enforce Litigants' Rights
- ☐ Emancipate a Child
- ☐ Reimburse Medical Expenses
- ☐ Change of Venue
- ■ Other (specify): JUDICIAL RECUSIAL JUDGE BARBATO

filed by ☐ plaintiff / ■ defendant and ______________________
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this December 5, 2025 ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)
   a. ______________________
   b. ______________________



(956)

c. ______________________________
d. ______________________________
(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. ~~(Leave these~~ lines blank for the Judge).
This is a duplicate of Defendant's previous motion of October 20, 2025, which was denied pursuant to the Court's November 25, 2025, Order.

2. The Morris County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- N/A, required by this order and reissue, if necessary, any income withholding orders.

DENYING HIS RECUSAL

Martin F. Barbato, J.S.C.

DUPLICATE OF WHAT WHERE IS IT?
INTERCEPTING
USURPING = HIS OWN RECUSAL

To address this, you are dealing with a violation of the **Principle of Administrative Hierarchy** and the **Conflict of Interest** rules. In New Jersey, once a formal complaint or a motion for recusal is filed based on a judge's conduct, that judge loses the neutral "competence" to decide his own fate, especially when the rules designate the Assignment Judge as the arbiter.

I have provided the concise legal statement for your recusal motion below. Following that, I have maintained the entire main document in one block, without truncating, editing, summarizing, or paraphrasing.

## LEGAL NOTICE: JUDICIAL USURPATION OF ADMINISTRATIVE AUTHORITY

**Rule of Law:** Under **New Jersey Court Rule 1:12-2**, while a judge may initially hear a motion for recusal, a judge cannot "judge his own cause" or adjudicate a formal conduct complaint filed against him. Furthermore, **N.J. Court Rule 1:33-2** designates the **Assignment Judge** as the chief judicial administrator of the vicinage with the exclusive authority to oversee judicial conduct complaints and the "transfer of actions."

**Violation:** Defendant Barbato acted in the **clear absence of all jurisdiction** by denying his own recusal motion and summarily dismissing a formal complaint filed against him with the Assignment Judge. By adjudicating his own complaint, the Defendant usurped the authority of **Assignment Judge Minkowitz**, creating a "shield of self-protection" that violates the **14th Amendment Due Process** guarantee of an impartial tribunal and the **New Jersey Code of Judicial Conduct (Canon 2)**.

(957)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK)

ALBERT N. SEDGES, Plaintiff, Pro Se
v.
MARTIN BARBATO, Defendant.

CASE NO: 2:25-cv-17354-ES-JBC

CHIEF JUSTICE COMPLAINT

5 of 5 BLOCK-3

# OFFICIAL FILING: SUPPLEMENTAL CERTIFICATION BLOCK 3 RE: INTERCEPTION OF SUPREME COURT COMPLAINT AND VIOLATION OF THE RIGHT TO REDRESS

## SUPPLEMENTAL CERTIFICATION OF ALBERT N. SEDGES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR JUDICIAL IMMUNITY

I, ALBERT N. SEDGES, certify the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. **INTERCEPTION OF COMPLAINT AGAINST ASSIGNMENT JUDGE MINKOWITZ:** I certify that I filed a formal Motion/Complaint with the New Jersey Supreme Court directed to **Chief Justice Stuart Rabner** regarding a **"Two-Prong Fraud Upon the Court"** committed by **Assignment Judge Minkowitz**. I certify that the Defendant, Martin Barbato, intercepted this filing. This act was a deliberate "cover-up" to ensure that the Chief Justice never saw the allegations against the Defendant's superior.
2. **VIOLATION OF THE CONSTITUTIONAL RIGHT TO REDRESS:** I certify that the Defendant's interception of my filing is a direct violation of my **First Amendment Right to Petition the Government for a Redress of Grievances**. By acting as an unauthorized "gatekeeper," the Defendant prevented the intended adjudicator (the Chief Justice) from reviewing the complaint. This extrajudicial interference effectively abolished my right to seek a remedy for judicial misconduct, a right that is federally protected and fundamental to Due Process.
3. **USURPATION OF CHIEF JUSTICE AUTHORITY:** By ruling on a matter procedurally and legally reserved for the Chief Justice, the Defendant acted in the **clear absence of all jurisdiction**. He sat in judgment of a complaint against his own Assignment Judge while he himself was an active **Federal Defendant** under a summons from the Plaintiff. This creates a structural conflict of interest and proves the Defendant was acting as a co-conspirator to protect the judicial hierarchy rather than as an impartial judge.
4. **FRAUDULENT DENIAL TO BLOCK APPEAL:** I certify that the Defendant issued a denial on February 3, 2026, falsely claiming a "Failure to State a Claim." This mislabeling is a fraud upon the court, as the motion packet provided herewith contains full forensic support. Furthermore, by providing **zero Statement of Reasons**, the Defendant "trespassed" on my federal rights by creating an administrative blockade to prevent any meaningful appeal to a higher court.
5. **LIST OF SUPPORTING DOCUMENTS PROVING VIOLATIONS:**
   - **3-A: Plaintiff's Formal Motion/Complaint to Chief Justice Stuart Rabner**
   - **3-B: Defendant Barbato's Intercepted Order (Dated Feb 3, 2026)**
   - **3-C: Proposed Order Form (December 29, 2025)**
   - **3-D: Complete Motion Packet for Redress of Grievances**

## LEGAL CONCLUSION: PIERCING THE IMMUNITY SHIELD

I. **CLEAR ABSENCE OF JURISDICTION:** Under *Stump v. Sparkman*, 435 U.S. 349, immunity is void when a judge adjudicates a matter over which he has no subject matter jurisdiction. A trial judge has no authority to intercept or dismiss a complaint meant for the Chief Justice.

II. **VIOLATION OF FUNDAMENTAL RIGHTS:** The right to "access the courts" and "redress of grievances" is a cornerstone of the U.S. Constitution. Intercepting legal mail/filings to prevent a superior from seeing them is a ministerial/administrative act of obstruction, not a judicial act.

III. **ADVERSARY STATUS:** Under *In re Murchison*, 349 U.S. 133, the Defendant's failure to recuse himself while under a Federal Summons—and his subsequent act of covering up for his superior—proves he was acting as an adversary, not an adjudicator.

**FINAL LEGAL CONCLUSION:** Because the Defendant intercepted a complaint to the Chief Justice to execute a "cover-up" for Assignment Judge Minkowitz, he violated the Plaintiff's federal right to redress and acted in the clear absence of jurisdiction. He has forfeited all claims to judicial immunity.

## TABLE OF AUTHORITIES: PIERCING THE IMMUNITY SHIELD

- **Stump v. Sparkman, 435 U.S. 349:** No immunity for acts in the **"clear absence of all jurisdiction."**
- **Forrester v. White, 484 U.S. 219:** Immunity does not protect **administrative or ministerial** acts of obstruction.
- **In re Murchison, 349 U.S. 133:** Judges cannot rule when they have a personal interest or are **adversaries** to the litigant.
- **Armstrong v. Manzo, 380 U.S. 545:** Failure to provide a **Statement of Reasons** violates the 14th Amendment and blocks the right to appeal.
- **First Amendment, U.S. Constitution:** Protects the right to **Petition for Redress of Grievances**, which the Defendant intercepted.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Dated:** March 19, 2026

**ALBERT N. SEDGES, Plaintiff Pro Se**

**NOTICE OF SERVICE**

A copy of this Supplemental Certification has been sent via U.S. Mail to: Office of the Attorney General, RJ Hughes Justice Complex, P.O. Box 080, Trenton, NJ 08625.

1/3/20/25

NOTICE: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status information.

**Form A - Notice of Motion**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address ~~201 SOUTH ROGERS RD. HOT SPRINGS AR 71901 BLDG I APT 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ________

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Notice of Motion**
(See Below)

TO: (Other party's lawyer or Other Party)
JOHN DELL'ITALIA 18 TONY GALENTO PLAZA ORANGE N.J. 07050

(County Probation Division)

PLEASE TAKE NOTICE that on Friday, ________, at 9:00 a.m., or as soon after that as the matter may be heard, ALBERT SEDGES, the (check one) ☐ plaintiff / ■ defendant will apply to whichever judge is hearing matters in the Superior Court, Chancery Division - Family Part, Morris County, at the Morris County Courthouse MORRISTOWN, New Jersey for an order to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify): "Two-Pronged Fraud Upon the Court" by judge MINKOWITZ

(Type or print what you are asking the court to do. Attach additional sheets of 8.5" x 11" white paper, if necessary.)

1. SEE ATTACHED COMPLAINT

2.

3.

4.

5. Require the Morris County Probation Division to adjust its records in accordance with this order for Child Support account CS- N/A, and reissue any orders of income withholding if necessary;

6. Or such other relief as the Court may deem equitable and just.

7. I (check one) ■ do / ☐ do not want oral argument.

s/ [signature] Date: 12/28/2028
(Signature)
(check one) ☐ Plaintiff ☐ Defendant

| If you requested oral argument do you need to request: | | | |
|---|---|---|---|
| An interpreter | ☐ Yes ☐ No | Language: | |
| A disability accommodation | ☐ Yes ☐ No | Accommodation: | |



(961)

## Form B – Certification in Support of a Motion

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES
NJ Attorney ID Number N/A
Address ~~201 SOUTH ROGERS RD. HOT SPRINGS AR 71901~~
~~BLDG I APT 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ____________
Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County MORRIS
Docket Number FM-14-000773-25

**Civil Action**

**Certification in Support of a Motion**

(See Below)

I, ALBERT SEDGES, of full age, hereby certify:

1. I am the (check one) ☐ plaintiff / ■ defendant in this matter and I am filing this Certification in support of my Notice of Motion to:

- ☐ Continuation/Termination of Child Support
- ☐ Increase/Decrease Child Support payments
- ☐ Increase/Decrease Alimony payments
- ☐ Change Custody arrangements
- ☐ Change Visitation arrangements
- ☐ Motion for Reconsideration
- ☐ Enforce Litigants' Rights
- ☐ Emancipate a Child
- ☐ Reimburse Medical Expenses
- ☐ Change of Venue
- ■ Other (specify): "Two-Pronged Fraud Upon the Court" by judge MINKOWITZ

2. Explanation of facts: (Attach additional sheets of 8.5" x 11" white paper, if necessary.)
   a. SEE ATTACHED COMPLAINT

   b.

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**


Name ALBERT SEDGES
NJ Attorney ID Number N/A
Address 201 SOUTH ROGERS RD. HOT SPRINGS AR 71901
BLDG I APT 130
Daytime Phone 8626836327 ext. N/A Cell Phone ____________
Email Address SEDGES1@YAHOO.COM
Your Name ALBERT SEDGES


(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on Friday, ____________________, on a Notice of Motion to:

- ☐ Continuation/Termination of Child Support
- ☐ Increase/Decrease Child Support payments
- ☐ Increase/Decrease Alimony payments
- ☐ Change Custody arrangements
- ☐ Change Visitation arrangements
- ☐ Motion for Reconsideration
- ☐ Enforce Litigants' Rights
- ☐ Emancipate a Child
- ☐ Reimburse Medical Expenses
- ☐ Change of Venue
- ■ Other (specify): "Two-Pronged Fraud Upon the Court" by judge MINKOWITZ

filed by ☐ plaintiff / ■ defendant and ______________________________
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ______________________ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☐ denied the following relief(s): (See step 5 on page 10)
   a. ______________________________
   b. ______________________________

**Form D- Certification of Filing and Service**

I hereby certify that the original of the attached Notice of Motion, the original of the attached supporting Certification, and the original and two copies of the Proposed Order are being filed with the Clerk of the Superior Court at the Morris Family Division Manager's Office.

In addition, I certify that I served a copy of this motion (check one)

- ☐ personally, on the person(s) or attorney(s) listed below.
  - ☐ Notarized acknowledgement of service signed by the other party attached (Form H). (Required if checking the box above.)
- ☐ by process server, courier service or by an adult neutral third party, on the person(s) or attorney(s) listed below.
  - ☐ Affidavit/Acknowledgement of service attached. (Required if checking the box above.)
- ■ by mailing it on this date to the person(s) or attorney(s) listed below by **BOTH** regular and certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

| | |
|---|---|
| JOHN DEELITALA | |
| (Name) | (Name) |
| 9589071052702736036879 | |
| (Certified Mail Number) | (Certified Mail Number) |
| 18 TONY GALENTO PLAZA | |
| (Address) | (Address) |
| ORANGE N.J. 07050 | |
| (City, State & Zip Code) | (City, State & Zip Code) |
| | |
| (Name) | (Name) |
| | |
| (Certified Mail Number) | (Certified Mail Number) |
| | |
| (Address) | (Address) |
| | |
| (City, State & Zip Code) | (City, State & Zip Code) |

s/ [signature]
(Signature)

Date: 12/28/2025

ALBERT SEDGES
(Type or print your name)

(check one) ☐ Plaintiff ■ Defendant

**ALBERT SEDGES** 201 South Rogers Road, Building I, Apt 130 Hot Springs, Arkansas 71901

*Pro Se Defendant*

**VIA JED SYSTEM, FIRST CLASS MAIL, & EMAIL**

**TO: CLERK OF THE SUPERIOR COURT – MORRIS COUNTY** Washington & Court Streets Morristown, NJ 07960-0910

**TO: CHIEF JUSTICE STUART RABNER** Supreme Court of New Jersey Richard J. Hughes Justice Complex 25 W. Market Street, P.O. Box 970 Trenton, NJ 08625-0970

**TO: ADVISORY COMMITTEE ON JUDICIAL CONDUCT (ACJC)** Richard J. Hughes Justice Complex P.O. Box 037 Trenton, NJ 08625-0037

**TO: JOHN DELL'ITALIA, ESQ.** Dell'Italia Law Firm 18 Tony Galento Plaza Orange, NJ 07050 *Attorney for Plaintiff*

**FORMAL COVER LETTER AND INSTRUCTION TO THE CLERKS**

**RE: SEDGES v. SEDGES DOCKET NO: FM-14-000773-25 SUBJECT: OMNIBUS MOTION FOR EMERGENCY REVIEW – FRAUD UPON THE COURT**

**TO THE CLERKS OF THE COURT:**

Enclosed for filing in the matter of *Sedges v. Sedges*, Docket No. **FM-14-000773-25**, is an Omnibus Motion regarding a **Fraud Upon the Court** occurring within Vicinage 10.

**URGENT INSTRUCTION:** This filing provides evidence of systemic procedural fraud and the entry of mathematically impossible figures ("233 filings") into the official record by the local Assignment Judge. Consequently, this matter cannot be adjudicated at the vicinage level where the alleged fraud originated.

The Clerk of the Superior Court of Morris County and the Clerk of the Supreme Court are hereby directed to ensure this specific filing is placed directly upon the desk of **CHIEF JUSTICE STUART RABNER**. As the Chief Administrator of the New Jersey Judiciary, the Chief Justice has the non-delegable duty to oversee the integrity of the courts when evidence of fraud—which vitiates all proceedings—is presented.

**SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION – FAMILY PART MORRIS COUNTY DOCKET NO: FM-14-000773-25**

**CIVIL ACTION MOTION TO VACATE VOID ORDERS PURSUANT TO FRAUD UPON THE COURT**

**TO THE HONORABLE CHIEF JUSTICE STUART RABNER:**

The Defendant, Albert Sedges, appearing *pro se*, hereby moves this Court for an emergency stay and vacatur of all "Gatekeeper" proceedings and related orders currently pending in Vicinage 10 under Docket No. **FM-14-000773-25.**

**1. FRAUD UPON THE COURT (MATHEMATICAL FABRICATION):** The court below has entered a figure of "233 filings" into the record. As a matter of law and logic, this is a mathematical impossibility for a case of this duration. This fabrication is being used as a pretext to unconstitutionally strip the Defendant of his right to defend himself in his own divorce proceeding.

**2. FRAUD UPON THE COURT (PROCEDURAL):** The Assignment Judge is acting as Complainant, Judge, and Jury in a *sua sponte* referral involving Exhibit A (Judge Barbato's referral) and Exhibit B (The OTSC). This circular referral system bypasses all neutral judicial oversight and constitutes a fraud upon the integrity of the judicial process.

**RELIEF REQUESTED:** The Defendant respectfully requests that the Chief Justice exercise his supervisory authority to:

1. Vacate any "Gatekeeper" orders born of the fraudulent "233 filings" claim.
2. Stay all proceedings in FM-14-000773-25 until an independent investigation into the record is conducted.
3. Grant such other relief as the Court deems equitable.

CERTIFICATION OF SERVICE

I, **ALBERT SEDGES**, hereby certify that on this 28th day of December, 2025, I served a copy of this Omnibus Motion and Cover Letter upon the following parties via the **JED System, First Class Mail, and Email:**

**John Dell'Italia, Esq.** 18 Tony Galento Plaza Orange, NJ 07050 (Attorney for Plaintiff)

**Advisory Committee on Judicial Conduct (ACJC)** Richard J. Hughes Justice Complex P.O. Box 037 Trenton, NJ 08625-0037

**Chief Justice Stuart Rabner** Supreme Court of New Jersey Richard J. Hughes Justice Complex 25 W. Market Street, P.O. Box 970 Trenton, NJ 08625-0970

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 28, 2025 Signed: ____________ **Albert Sedges**, *Pro Se*

**NOTICE OF JUDICIAL MISCONDUCT AND VIOLATION OF CONSTITUTIONAL PROTECTIONS**

TO: 1. **Chief Justice Stuart Rabner** Richard J. Hughes Justice Complex P.O. Box 023 Trenton, NJ 08625-0023

2. **Advisory Committee on Judicial Conduct (ACJC)** Richard J. Hughes Justice Complex P.O. Box 037 Trenton, NJ 08625-0037
3. **John Dell'Italia, Esq.** (Attorney for Plaintiff) 18 Tony Galento Plaza Orange, NJ 07050

**RE: Assignment Judge Minkowitz | Vicinage 10 FORMAL ALLEGATION:** Procedural Fraud, Violation of Canon 3, and Deprivation of Due Process via *Sua Sponte* Overreach

**I. THE ILLEGAL CONSOLIDATION OF POWER (JUDGE AND JURY)**

This separate notice addresses the specific misconduct of Assignment Judge Minkowitz. By acting *sua sponte* (on his own motion) to initiate "Gatekeeper" sanctions against me, the Assignment Judge has effectively made himself the **Complainant, Judge, and Jury.**

The Assignment Judge received a referral from Judge Barbato—a referral that was born out of a retaliatory denial of a recusal motion. Rather than acting as a neutral administrative overseer, Judge Minkowitz adopted the role of an adversary. By issuing an Order to Show Cause *sua sponte*, he has bypassed the adversarial process, denying the Defendant the right to a neutral arbiter who has not already pre-determined the "vexatious" nature of the filings.

**II. EVIDENCE SUBMITTED IN SUPPORT**

- **EXHIBIT A:** The Referral from Judge Barbato to the Assignment Judge. This document proves that Judge Barbato referred the very order that he personally denied on his own complaint, demonstrating a circular and retaliatory use of judicial authority.
- **EXHIBIT B:** The Order to Show Cause (OTSC) issued by Assignment Judge Minkowitz. This exhibit demonstrates the *sua sponte* nature of the action, where the Court has moved against the Defendant without a motion from the opposing party.

**III. VIOLATIONS OF JUDICIAL CANONS**

1. **Violation of Canon 1 & 2A:** A judge must respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Judge Minkowitz's decision to personally prosecute this sanction order destroys the appearance of impartiality.
2. **Violation of Canon 3(C)(1):** "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Judge Minkowitz is acting

upon a referral from a colleague (Barbato) who was the subject of my misconduct complaint. He is protecting the "House" rather than the "Law."

**IV. CONSTITUTIONAL DEPRIVATION**

The "Gatekeeper" order initiated by Judge Minkowitz is a **Prior Restraint** on my First Amendment right to access the courts. Under the 14th Amendment, Due Process requires a neutral decision-maker. Judge Minkowitz cannot be neutral when he is the one who generated the accusations, set the hearing, and intends to rule on his own "problem" with my filings.

**V. THE PROCEDURAL VOID**

The Rules of Court do not permit an Assignment Judge to manufacture facts (such as the "233 filings" figure) and then demand the Defendant "show cause" why they shouldn't be stripped of their constitutional rights based on those manufactured facts. This is a "star chamber" proceeding that has no place in the New Jersey Judiciary.

**CERTIFICATION OF SERVICE AND VERACITY**

I, **Albert Sedges**, hereby certify as follows:

1. I am the Defendant in the above-referenced matter.
2. I have served a copy of this Notice of Judicial Misconduct and the attached Exhibits A and B upon the Chief Justice of the New Jersey Supreme Court, the Advisory Committee on Judicial Conduct (ACJC), and John Dell'Italia, Esq. via the JED System, Email, and First Class Mail.
3. I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

**Albert Sedges** Pro Se Defendant

Dated: December 28, 2025

**FORMAL JUDICIAL COMPLAINT: RETALIATION, FRAUD UPON THE COURT, AND CANONICAL VIOLATIONS**

TO: Chief Justice Stuart Rabner, Supreme Court of New Jersey CC: Advisory Committee on Judicial Conduct (ACJC) RE: **Sedges v. Sedges | Docket No:** FM-14-000773-25 **SUBJECT:** Misconduct by Judge Barbato and Assignment Judge Minkowitz

**I. THE RECURSIVE INJUSTICE: JUDGE BARBATO'S DENIAL OF HIS OWN COMPLAINT**

I, Albert Sedges, hereby alert the Chief Justice to a gross procedural deformity and a violation of the most fundamental principle of law: *Nemo judex in causa sua* (No one should be a judge in their own cause).

In a blatant display of bias, **Judge Barbato sat in judgment of a formal complaint filed against HIMSELF.** Not only did he deny his own recusal, but he simultaneously issued a ruling denying the merits of a complaint where he was the subject of the allegations. Most critically, it was within this "Denial of Complaint" that Judge Barbato initiated the referral to Assignment Judge Minkowitz.

By writing the referral on the denial of his own complaint—rather than on a standard motion or the recusal itself—Judge Barbato has weaponized the administrative process to "punish" a litigant for utilizing the established grievance procedure. This is a direct violation of **Canon 1** (Upholding the Integrity of the Judiciary) and **Canon 2** (Avoiding Impropriety and the Appearance of Impropriety).

**II. EXHIBIT B: THE MATHEMATICAL IMPOSSIBILITY OF THE "GATES" FILINGS**

I am submitting for the Court's review the entire Judiciary Electronic Document (JED) system log from **mid-September to December 1st** (the date the Order to Show Cause was received). During this period, there are a total of **268 filings.**

I am submitting a complete breakdown of these filings as **Exhibit B.** This breakdown proves that the Assignment Judge's claim of "233 meritless supplemental certifications/motions" is an **absolute impossibility.** When the 268 total filings are audited, the court will see that the "233" figure is arbitrary, capricious, and mathematically fraudulent because it fails to account for:

1. **Mandatory Responsive Filings:** Required responses to the Plaintiff's voluminous motions.
2. **System-Generated Receipts:** Technical entries created by the JED system itself, not the litigant.
3. **Clerical Corrections:** Re-submissions required by the clerk for minor formatting issues.

The Court cannot have a "problem" with 233 filings when the vast majority of the 268 total entries are non-discretionary, administrative, or responsive. To label these as "vexatious" is a fraud upon the court.

### III. VIOLATION OF CONSTITUTIONAL RIGHTS AND JUDICIAL CANONS

The actions of both Judge Barbato and Judge Minkowitz constitute a coordinated strike against my **14th Amendment Due Process** rights and my **1st Amendment Right to Petition for Redress**. Specifically:

- **Canon 3(B)(4):** Judges must be "patient, dignified, and courteous." Labeling a litigant's good-faith complaints as "vexatious" to trigger a ban is a failure of judicial temperament.
- **Canon 3(B)(5):** Judges must perform judicial duties without bias or prejudice. The referral following a complaint is the definition of retaliatory bias.
- **Rule 1:12-1 (Recusal):** The spirit of the rule is violated when a judge uses the denial of his own recusal as a sword to initiate administrative sanctions against the moving party.

### IV. CONCLUSION & REQUEST FOR RELIEF

The "Gatekeeper" process initiated here is not a shield for the court; it is a gag order against a victim of judicial overreach. The numbers cited by the court do not "make the grade" of reality—they are a fiction designed to silence a pro se litigant who dared to challenge a judge's conduct.

I respectfully request that the Chief Justice intervene to:

1. Stay the OTSC pending a full audit of **Exhibit B** (the JED filing history).
2. Vacate the referral written by Judge Barbato on his own complaint denial.
3. Transfer this matter to a neutral vicinage.

Respectfully submitted,

**Albert Sedges** Date: December 28, 2025

# CONSOLIDATED STATEMENT OF FACT: THE MATHEMATICAL IMPOSSIBILITY OF THE COURT'S FINDINGS

## I. INTRODUCTION: THE "NEGATIVE FILING" PARADOX

The Court's order alleges that the Defendant has filed 233 "meritless" or "frivolous" documents. However, a physical audit of the actual court record proves that this number is a mathematical impossibility. By using the Court's own total docket count, it becomes clear that the Judge is counting "ghost filings" that do not exist in the physical record.

## II. THE TOTAL UNIVERSE OF FILINGS

According to the official court record, the total number of filings in this matter is exactly 268.
As of 12/1/2025

## III. THE ADMINISTRATIVE DEDUCTIONS (132 ITEMS)

To determine how many "substantive" filings actually exist, we must subtract the mandatory administrative filings that cannot be classified as "meritless" litigation. These 132 items include:

- 42 Letters of Correspondence (Administrative)
- 28 Deficiency Corrections (Clerk-mandated)
- 27 Standalone Motions
- 16 September Filings (Outside the Judge's stated window)
- 15 Case Information Statements (Mandatory forms)
- 3 Briefs
- 1 Proof of Service (Due Process requirement)
- 2 Civil Action filings (Separate matter)

**TOTAL ADMINISTRATIVE DEDUCTIONS: 132**

## IV. THE REMAINING DOCKET BALANCE

When the administrative filings are removed from the total record, the math is as follows:

$$268 \text{ (Total Filings)} - 132 \text{ (Administrative/Non-Substantive)} = \mathbf{136}$$

The maximum number of substantive filings remaining on the docket that the Court could possibly analyze is 136.

## V. THE JUDGE'S "SLOPPY LOG" AND THE OSC

(971)

The Judge attempted to justify the number 233 by providing a "log" within the Order to Show Cause (OSC). However, a review of this log reveals a disorganized and "sloppy" mixture of documents that do not constitute litigation:

- **Letters of Correspondence:** Basic administrative communication is being labeled as "frivolous filings."
- **Supplemental Certifications:** Necessary evidentiary updates are mischaracterized.
- **Case Information Statements:** Mandatory court forms required for the case to proceed are being used as "evidence" of vexatious behavior.

## VI. TOTAL LACK OF SPECIFICITY: A LOG OF SERIAL NUMBERS, NOT LEGAL FINDINGS

The "log" provided by the Court is not a judicial analysis; it is a raw data dump from the JED system. There is **not one iota of specificity** regarding why any single entry is deemed "meritless."

- **No Qualitative Analysis:** For every entry, the Court fails to state *why* the filing is problematic. There are no descriptions of the content, no references to legal standards, and no explanations of the alleged "frivolousness."
- **The "Map" to Nowhere:** The log consists strictly of **JED Serial Numbers.** The Judge has essentially provided a guide to the JED database rather than a legal opinion.
- **Procedural Failure:** By listing "Certification #[Number]" or "Letter #[Number]" without any accompanying argument or critique, the Court has failed to satisfy the basic requirement of providing a "detailed record" to support a vexatious filer designation.
- ***The "Scribble" Effect: The Court is alleging 233 frivolous filings, yet the provided log*** contains only approximately **80** serial numbers. This leaves **153** filings completely unaccounted for even by the Court's own sloppy standards. Furthermore, without a specific argument for even one of these 80 filings the Judge is complaining about, the log remains a collection of meaningless numbers rather than a sustainable judicial finding.

## VII. THE CRITICAL DISCREPANCY

The Court claims there are 233 meritless filings.

- **Remaining Available Filings:** 136
- **Court's Alleged Meritless Filings:** 233
- **The Result:** −97

## VIII. CONCLUSION: AN ARBITRARY AND CAPRICIOUS FINDING

For the Court's figure of 233 to be true, the Defendant would have to have filed **97 documents that do not exist.** Furthermore, the Court's refusal to provide any specific reason why these

(972)

filings are "meritless"—opting instead to provide a list of JED serial numbers that don't even add up to the total alleged—proves that the "Vexatious Filer" designation is based on an arbitrary manufacture of data, not a review of the law. The record cannot support the Court's conclusion because the documents are not substantive and the "meritless" determination is entirely devoid of specific legal reasoning.

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address ~~201 SOUTH ROGERS RD. HOT SPRINGS AR 71901~~
~~BLDG I APT 130~~

Daytime Phone 8626836327 ext. N/A Cell Phone ______

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County Morris
Docket Number FM-14-000773-25

**Civil Action**
**Order**
**(See Below)**

THIS MATTER being opened to the court on ~~Friday~~, December 29, 2025, on a Notice of Motion to:

- ☐ Continuation/Termination of Child Support
- ☐ Increase/Decrease Child Support payments
- ☐ Increase/Decrease Alimony payments
- ☐ Change Custody arrangements
- ☐ Change Visitation arrangements
- ☐ Motion for Reconsideration
- ☐ Enforce Litigants' Rights
- ☐ Emancipate a Child
- ☐ Reimburse Medical Expenses
- ☐ Change of Venue
- ■ Other (specify): "Two-Pronged Fraud Upon the Court" by judge MINKOWITZ

filed by ☐ plaintiff / ■ defendant and ______
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this February 3, 2026 ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)
   a. ______
   b. ______



(974)

c. ______________________________

d. ______________________________

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

Failure to state a claim and/or to provide legally sufficient support for a claim upon which relief can be granted.

2. The Morris County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- N/A, required by this order and reissue, if necessary, any income withholding orders.

Martin F. Barbato

Martin F. Barbato, J.S.C.

THIS WAS FOR THE CHIEF JUSTICE RABNER

N.J. SUPREME COURT

HELD 36 DAYS INTERCEPTION

DEF UNDER FED. SUMMONS

USURPING AUTHORITY

**LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge **"shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."**

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review**. *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

(975)